IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-5985 CW <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 41) |
| ROCHESTER DRUG COOPERATIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-6010 CW <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 32) |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | No. C 07-6118 CW <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL (DOCKET NO. 50) |

```
 1  SAFEWAY INC., et al.,
 2          Plaintiffs,                    No. C 07-5470 CW
 3      v.                                 ORDER GRANTING IN PART
                                           PLAINTIFFS' MOTION FOR
 4  ABBOTT LABORATORIES,                   LEAVE TO FILE UNDER
                                           SEAL (DOCKET NO. 30)
 5          Defendant.
 6  _____

 7  SMITHKLINE BEECHAM CORPORATION d/b/a/
 8  GLAXOSMITHKLINE,                       No. C 07-5702 CW
 9          Plaintiff,                     ORDER GRANTING IN PART
                                           PLAINTIFF'S MOTION FOR
10      v.                                 LEAVE TO FILE UNDER
                                           SEAL (DOCKET NO. 50)
11  ABBOTT LABORATORIES,
12          Defendant.
13  _____

14
15  RITE AID CORPORATION, et al.,
                                           No. C 07-6120 CW
16          Plaintiffs,
                                           ORDER GRANTING IN PART
17      v.                                 PLAINTIFFS' MOTION FOR
                                           LEAVE TO FILE UNDER
18  ABBOTT LABORATORIES,                   SEAL (DOCKET NO. 19)
19          Defendant.
20  _____/
```

Plaintiffs in the above-captioned cases have moved for leave to file under seal portions of their brief in opposition to Abbott's omnibus motion to dismiss, as well as Exhibit 1 to their request for judicial notice in support of their opposition. Because their request relates to a dispositive motion, the documents may not be filed under seal unless there is a "compelling

2

interest" in doing so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 504 F.3d 792, 801-03 (9th Cir. 2007).

Pursuant to Local Rule 79-5, if any party objects to the public filing of any document, that party must file a declaration establishing with particularity the need to file the document or a portion thereof under seal.  The statement must explain how the party stands to be harmed by the public filing of the objectionable information.  A blanket statement that the party considers the document confidential or has designated the document as subject to a stipulated protective order is not sufficient to demonstrate that the document is sealable.  <u>See</u> Local Rule 79-5(a).

Exhibit 1 consists of portions of Abbott's rebuttal expert report in related case No. 04-1511.  After Plaintiffs filed the present motion, Abbott withdrew its designation of confidentiality with respect to all but a portion of ¶ 45 of Exhibit 1.  This portion of ¶ 45 states the range of royalties Abbott charges in connection with its licenses for Norvir.  The Court has previously found that this information is sealable.

Accordingly, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.  Plaintiffs shall file in the public record in each of the above-captioned cases a version of Exhibit 1 to their request for judicial notice redacting only the five words, set off by commas, following the words "license fees" on line 15 of page 31.  The unredacted version of Exhibit 1 currently lodged with the clerk may be filed under seal.  Plaintiffs must also file in the public record the full unredacted version of their opposition brief; the brief does not refer to Abbott's royalty rates.

3

In order to prevent the filing of unnecessary motions to seal in the future, prior to filing any such motion with respect to documents that have been designated as confidential by another party, the party seeking to file under seal must confer with that other party to determine whether it will agree to withdraw the designation of confidentiality. If so, the document may be filed in the public record.

IT IS SO ORDERED.

Dated: 3/24/08

CLAUDIA WILKEN
United States District Judge