1  Nicole M. Norris (SBN 222785)
   WINSTON & STRAWN LLP
2  101 California Street, Suite 3900
   San Francisco, CA 94111-5894
3  Telephone:  415-591-1000
   Facsimile:  415-591-1400
4  Email: nnorris@winston.com

5  James F. Hurst (*Admitted Pro Hac Vice*)
   David J. Doyle (*Admitted Pro Hac Vice*)
6  Samuel S. Park (*Admitted Pro Hac Vice*)
   WINSTON & STRAWN LLP
7  35 W. Wacker Drive
   Chicago, IL 60601-9703
8  Telephone:  312-558-5600
   Facsimile:  312-558-5700
9  Email: jhurst@winston.com; ddoyle@winston.com;
   spark@winston.com
10
   Charles B. Klein (*Admitted Pro Hac Vice*)
11 WINSTON & STRAWN LLP
   1700 K Street, N.W.
12 Washington, D.C. 20007
   Telephone:  202-282-5000
13 Facsimile:  202-282-5100
   Email: cklein@winston.com
14
   Attorneys for Defendant
15 ABBOTT LABORATORIES

**Winston & Strawn LLP**
**35 W. Wacker Drive**
**Chicago, IL 60601-9703**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated, | **Case No. C 07-5985 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. C 04-1511 CW* |
| vs. | **ABBOTT LABORATORIES' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| ABBOTT LABORATORIES, | |
| Defendant. | The Honorable Judge Wilken |
| [caption continues next page] | |

1

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, | **Case No. C 07-6010 CW** |
| Plaintiffs, | *Related by Order to:* |
| vs. | *Case No. C 04-1511 CW* |
| ABBOTT LABORATORIES, | **ABBOTT LABORATORIES' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| Defendant. | |
| | The Honorable Judge Wilken |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated, | **Case No. C 07-6118 CW** |
| Plaintiffs, | *Related by Order to:* |
| vs. | *Case No. C 04-1511 CW* |
| ABBOTT LABORATORIES, | **ABBOTT LABORATORIES' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| Defendant. | |
| | The Honorable Judge Wilken |

Abbott Laboratories, by its attorneys, hereby answers the Consolidated Class Action Complaint of Meijer, Inc., Meijer Distribution, Inc., Rochester Drug Co-Operative, Inc. and Louisiana Wholesale Drug Company, Inc. ("Complaint") as follows:

## **NATURE OF THE ACTION**

Plaintiffs' opening paragraph is a characterization of Plaintiffs' complaint and states a conclusion of law rather than allegations of fact to which a response is required. Insofar as a response is required, Abbott admits it sells a Protease Inhibitor ("PI") called Norvir, which is used to treat HIV/AIDS. Abbott also admits that Norvir can be used to boost the efficacy of other PIs. Abbott further admits that Plaintiffs purport to seek relief under the antitrust laws of the United States on a theory of unlawful monopolization. Abbott denies the remaining allegations of Plaintiffs' opening paragraph.

**PARTIES**

1.   Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.   Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies the same.

3.   Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 and therefore denies the same.

4.   Abbott admits that it is a corporation organized and existing under the laws of the State of Illinois and that its headquarters and principal place of business is in Abbott Park, Illinois. Abbott also admits that it sells pharmaceutical and nutritional products. Abbott further admits that it markets its products in more than 130 countries and has facilities in 14 states, including at least 3 in this District. Abbott denies the remaining allegations of paragraph 4.

**JURISDICTION AND VENUE**

5.   Paragraph 5 states a conclusion of law rather than allegations of fact to which a response is required.

6.   Paragraph 6 states a conclusion of law rather than allegations of fact to which a response is required.

7.   Paragraph 7 states a conclusion of law rather than allegations of fact to which a response is required. Insofar as a response is required, Abbott denies the allegations of paragraph 7.

**TRADE AND COMMERCE**

8.   Abbott admits that the products at issue are sold in interstate commerce. Abbott denies the remaining allegations of paragraph 8.

**FACTUAL BACKGROUND**

9.   Abbott admits that PIs work by blocking the action of HIV protease, an enzyme needed for HIV to reproduce functional copies of itself. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9 and therefore denies the same.

10.  Abbott admits that some PI regimens impose pill burdens, require strict dietary

requirements and have side effects. Abbott also admits that different PIs present different degrees of impediment and efficacy. Abbott further admits that some patients develop resistance to certain PIs. Abbott denies the remaining allegations of paragraph 10.

11. Abbott admits the allegations in the first two sentences of paragraph 11. Abbott also admits that Norvir is commonly used today to boost the therapeutic effects (and reduce the required dosage) of other PIs. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and therefore denies the same.

12. Abbott admits that it received a grant from the National Institute of Health for early discovery work related to certain compounds for the treatment of HIV. Abbott denies the remaining allegations of paragraph 12.

13. Abbott admits the allegations of paragraph 14 except to deny to that there is no substitute for Norvir.

14. Abbott admits there are benefits to the use of Boosted PI regimens. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14 and therefore denies the same.

15. Abbott admits that it licensed certain competitors the right to promote their PIs to be administered with Norvir. Abbott denies the remaining allegations of paragraph 15.

16. Abbott admits that it markets Kaletra, which consists of ritonavir and another Abbott PI, lopinavir, combined in a single pill. Abbott also admits that Kaletra is effective and used by HIV patients. Abbott denies the remaining allegations of paragraph 16.

17. Abbott denies the allegations of paragraph 17.

18. Abbott denies the allegations of paragraph 18.

### ABBOTT'S ANTICOMPETITIVE CONDUCT

19. Abbott denies the allegations of paragraph 19.

20. Abbott denies the allegations of paragraph 20.

21. Abbott denies the allegations of paragraph 21.

22. Abbott admits that Bristol-Myers Squibb introduced Reyataz to the market in June 2003 and that GlaxoSmithKline introduced Lexiva to the market in October 2003. Abbott denies the

4

remaining allegations in Paragraph 22.

23. Abbott admits that Kaletra's market share declined after July 2003. Abbott denies the remaining allegations of paragraph 23.

24. Abbott admits that effective December 3, 2003, it raised the Wholesale Acquisition Cost ("WAC") of Norvir from $1.71 to $8.57 per 100 mg capsule. Abbott denies the remaining allegations of Paragraph 24.

25. Abbott denies the allegations of paragraph 25.

26. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 26.

27. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 27.

28. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 28.

29. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 29.

30. Abbott answers that its documents speak for themselves and the quotes herein are taken out of context. Abbott denies the remaining allegations of paragraph 30.

31. Abbott denies the allegations of paragraph 31.

32. Abbott admits that the DHHS sent a warning letter to Abbott. The content of the letter speaks for itself. Abbott denies the remaining allegations of paragraph 32.

33. Abbott denies the allegations of paragraph 33.

34. Abbott admits that it entered into license agreements with BMS and GSK. Abbott denies the remaining allegations of paragraph 34.

35. Abbott admits that it entered into license agreements with GSK. Abbott also admits that prior to December 3, 2004, it had never increased the price of Norvir by 400%. Abbott denies the remaining allegations of paragraph 35.

36. Abbott denies the allegations of paragraph 36.

37. Abbott admits that Lexiva entered the market in October 2007. Abbott denies the

5

remaining allegations of paragraph 37.

38. Abbott denies the allegations of paragraph 38.

39. Abbott denies the allegations of paragraph 39.

40. Abbott denies the allegations of paragraph 40.

41. Abbott denies the allegations of paragraph 41.

42. Abbott denies the allegations of paragraph 42.

## RELEVANT MARKETS

43. Abbott denies the allegations of paragraph 43.

44. Abbott denies the allegations of paragraph 44.

45. Abbott denies the allegations of paragraph 45.

46. Abbott denies the allegations of paragraph 46.

## CLASS ACTION ALLEGATIONS

47. Abbott admits that Plaintiffs purport to bring this action on their own behalf and as a class action under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Abbott denies the denies remaining allegations in Paragraph 31.

48. Abbott denies the allegations of paragraph 48.

49. Abbott denies the allegations of paragraph 49.

50. Abbott denies the allegations of paragraph 50.

51. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 51 and therefore denies the same.

52. Abbott admits that Plaintiffs are represented by counsel. Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 52 and therefore denies the same.

53. Abbott denies the allegations of paragraph 53.

54. Abbott denies the allegations of paragraph 54.

55. Abbott denies the allegations of paragraph 55.

56. Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 56 and therefore denies the same.

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## FIRST CAUSE OF ACTION

### Monopolization of the Boosted Market (15 U.S.C. § 2)

57. Abbott incorporates by reference its answers to the allegations contained in paragraph 1 through 56 as if fully set forth herein.

58. Abbott denies the allegations of paragraph 58.

59. Abbott denies the allegations of paragraph 59.

60. Abbott denies the allegations of paragraph 60.

61. Abbott denies the allegations of paragraph 61.

## SECOND CAUSE OF ACTION

### Attempt to Monopolize the Boosted Market (15 U.S.C. § 2)

62. Abbott incorporates by reference its answers to the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63. Abbott denies the allegations of paragraph 63.

64. Abbott denies the allegations of paragraph 64.

65. Abbott denies the allegations of paragraph 65.

66. Abbott denies the allegations of paragraph 66.

67. Abbott denies the allegations of paragraph 67.

## THIRD CAUSE OF ACTION

### Monopolization of the Boosting Market (15 U.S.C. § 2)

68. Abbott incorporates by reference its answers to the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69. Abbott denies the allegations of paragraph 69.

70. Abbott denies the allegations of paragraph 70.

71. Abbott denies the allegations of paragraph 71.

## GROUNDS OF DEFENSE

Without assuming any burden it would not otherwise bear, Abbott asserts the following defenses and reserves its right to raise additional defenses if and when deemed appropriate as the case progresses:

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**FIRST DEFENSE**

Plaintiffs' complaint and each purported cause of action set forth therein against Abbott fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because each of the alleged acts and/or omissions was justified, fair, lawful, and/or not fraudulent.

**THIRD DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Abbott has patents that cover the products sold in the alleged relevant markets and the method of combining PIs with Norvir.

**FOURTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Abbott has not engaged in below-cost pricing under any measure.

**FIFTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Abbott did not have the requisite monopoly power.

**SIXTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs did not suffer an antitrust injury.

**SEVENTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred because Abbott's actions did not have an anticompetitive effect.

**EIGHTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the applicable statute of limitations.

**NINTH DEFENSE**

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of laches.

### TENTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of accord and satisfaction.

### TWELFTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs assumed the risk that Abbott would raise the price of Norvir.

### THIRTEENTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of estoppel.

### FOURTEENTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred by the doctrine of waiver.

### FIFTEENTH DEFENSE

Plaintiffs' complaint and each purported cause of action is barred because Plaintiffs lack standing or capacity to bring some or all of the claims raised in this suit.

### SIXTEENTH DEFENSE

Plaintiffs' complaint and each purported cause of action fails to satisfy the class action prerequisites under Rule 23 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Abbott Laboratories denies Plaintiffs' "Petition For Relief," denies that Plaintiffs are entitled to an injunction or judgment in any amount, and prays that Plaintiffs' claims be dismissed in their entirety with prejudice and that Abbott be awarded its reasonable costs, attorneys' fees and such other and further relief as may be appropriate.

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Dated: April 25, 2008				WINSTON & STRAWN LLP

						By:  /s/ Charles B. Klein

						Attorneys for Defendant
						ABBOTT LABORATORIES

DC:555203.3