# TAB B

ELECTRO Case 4:07-cv-06118-CW    Document 73-3    Filed 05/05/2008    Page 2 of 8
DOC #: ___ Case 1:07-cv-07343-HB-AJP    Document 109    Filed 04/10/2008    Page 1 of 7
DATE FILED: 4/10/8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG CO., INC., et al., | Civil Action No. 07 CIV 7343 (HB) |
| v. | Hon. Harold Baer, U.S.D.J. <br> ECF Case |
| SANOFI-AVENTIS, et al. | |

## ORDER GRANTING CLASS CERTIFICATION

AND NOW, this 10 day of April, 2008, upon consideration of the Notice of Motion for Class Certification filed by Louisiana Wholesale Drug Co., Inc. ("LWD") seeking a determination of class maintainability under Fed. R. Civ. P. 23 (Doc. #87), the Memorandum of Law LWD filed in support of that motion (Doc. #88), the January 29, 2008 Declaration of Jeffrey J. Leitzinger, Ph.D. filed in support of that motion (Doc. #90), and defendants' response thereto,[1] and finding that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met, it is hereby ORDERED, DECREED, and ADJUDGED that said motion be, and hereby is, GRANTED.

The Court makes the following further determinations as required by Rule 23:

1.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Class, which shall hereinafter be denominated the "Direct Purchaser Class," is defined as follows:

> All persons or entities in the United States who purchased 10 mg or 20 mg Arava tablets directly from sanofi-aventis us llc and/or Aventis Pharmaceuticals, Inc. (and/or any of their predecessors or affiliates) at any time from March 31, 2005 until August 17, 2007.

---

[1] Defendants have agreed not to oppose LWD's Motion for Class Certification as part of an agreement to streamline pretrial motions practice, as set forth in the parties' letter to the Court dated February 19, 2008. Nevertheless, the Court is obligated to, and has, performed a rigorous analysis to determine whether each of the requirements of Fed. R. Civ. P. 23(a) and at least one of the requirements of Fed. R. Civ. P. 23(b) has, in fact, been met.

Excluded from the Class are Defendants, their predecessors, officers, directors, management, employees, subsidiaries, parents or affiliates, and all federal governmental entities.

2.  Pursuant to Rule 23(a)(1), the Court determines that the Direct Purchaser Class is so numerous that joinder of all members is impracticable. According to the January 29, 2008 Declaration of Jeffrey J. Leitzinger, Ph.D. ("Leitzinger Decl.") submitted by LWD (Doc. #90), the Direct Purchaser Class has forty-two (42) members. *See* Leitzinger Decl., Doc. #90, at 25 n.41. That is sufficient to satisfy the numerosity requirement of Rule 23(a)(1).

3.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), and in light of the many classwide, common issues of law and fact identified by LWD (Pl. Mem. at 9-10 (Doc. #88)), the Court determines that the classwide claims and issues, expressed in a summary fashion, are as follows:

   a.  whether defendants' alleged conduct violated Section 2 of the Sherman Act (15 U.S.C. § 2);

      (i)  whether defendants possessed monopoly power;

      (ii) whether defendants wilfully maintained their monopoly power by filing a "Citizen Petition" with the FDA that was objectively and subjectively baseless under the standards articulated in *Professional Real Estate Inv's Inc. v. Columbia Pictures Indus. Inc.*, 508 U.S. 49 (1993) and its progeny;

   b.  whether defendants' challenged conduct caused antitrust injury-in-fact (also known as antitrust impact), to the Direct Purchaser Class, in the nature of higher prices paid for leflunomide products, in that, but for that conduct, one or more firms would earlier have begun selling generic versions of leflunomide;

   c.  the quantum of overcharge damages, if any, owed to the Direct Purchaser

-2-

Class in the aggregate under Section 4 of the Clayton Act (15 U.S.C. § 15), through which violations of Section 2 of the Sherman Act (15 U.S.C. § 2) are made privately actionable.

4. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court determines that the classwide defenses asserted by defendants, according to their Answer and Affirmative Defenses (Doc. #71) include, among others, the following:

    a. whether the named plaintiff and the Direct Purchaser Class have failed to state a cause of action;

    b. whether the named plaintiff and the Direct Purchaser Class have antitrust standing to assert the antitrust claims alleged in the Complaint;

    c. whether the named plaintiff and the Direct Purchaser Class's alleged injuries and damages resulted from an intervening or superseding cause;

    d. whether the Court lacks subject matter jurisdiction over the claims of the named plaintiff and the Direct Purchaser Class because there is no case or controversy within the meaning of Article III of the Constitution of the United States; and

    e. whether the named plaintiff and the Direct Purchaser Class's damages claims are barred because they cannot prove "actual damages" or because of the speculative nature of all or part of the damages allegedly sustained.

5. The Court determines that the foregoing classwide claims, issues, and defenses are questions of law or fact common to the Direct Purchaser Class that satisfy Rule 23(a)(2). *See* Pl. Mem. at 9-10 (Doc. #88).

6. LWD, the named plaintiff herein, is hereby appointed representative of the Direct

-3-

Purchaser Class, for the following reasons:

    a.    LWD alleges on behalf of the proposed Direct Purchaser Class the very same manner of injury from the very same course of conduct that it complains of for itself, and LWD asserts on its own behalf the same legal theory that it asserts for the Class. *See* Pl. Mem. at 10-11 (Doc. #88). The Court therefore determines that LWD's claims are typical of the claims of the Direct Purchaser Class within the meaning of Rule 23(a)(3); and

    b.    Pursuant to Rule 23(a)(4), the Court determines that LWD will fairly and adequately protect the interests of the Direct Purchaser Class. *See* Pl. Mem. at 11-14 (Doc. #88). LWD's interests do not conflict with the interests of absent members of the Direct Purchaser Class. All of the Direct Purchaser Class members share a common interest in proving the existence, scope and effect of defendants' alleged anticompetitive conduct, which allegedly led to higher prices for leflunomide in the actual world than would have been paid in the but-for world, and all Direct Purchaser Class members share a common interest in recovering the overcharge damages prayed for in the Complaint. Moreover, any Direct Purchaser Class member that wishes to opt out will be given an opportunity to do so. Furthermore, LWD's various counsel are well-qualified to represent the Direct Purchaser Class in this case, given their experience in prior cases (*see* Pl. Mem. at 13 & n.12; *id.* at Ex. A (resumes of proposed class counsel)), and the vigor with which they have prosecuted this action thus far. *See* Pl. Mem. at 13-14.

7.    Pursuant to Rule 23(b)(3), the Court determines that, in this case, common questions of law and fact predominate over questions affecting only individual members. In

light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Class as a whole, predominate over those issues that are subject only to individualized proof. *See Cordes & Co. Fin. Serv., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 107-08 (2d Cir. 2007). Specifically, the Court determines that:

    a.    On the issue of antitrust violation, the relevant proof of defendants' alleged course of anticompetitive conduct will not vary among members of the Direct Purchaser Class. *See* Pl. Mem. at 15-16 (Doc. #88);

    b.    On the issue of antitrust injury-in-fact or impact, the Leitzinger Declaration (Doc. #90, at pp. 13-28), together with prior decisions granting class certification where direct purchasers alleged that they paid overcharges because generic drug competition was impeded (Pl. Mem. at 16-23 (Doc. #88)),[2] provide the basis for the Court to determine, in accordance with the requisites of *In re Initial Public Offerings Securities Litig.*, 471 F.3d 24 (2d Cir. 2006), that impact to all or nearly all Direct Purchaser Class members from defendants' alleged conduct may be proved using one or more of a variety of categories of evidence that are applicable classwide; and

    c.    On the issue of damages, the Leitzinger Declaration (Doc. #90, at pp. 28-31), together with prior decisions granting class certification where direct purchasers

---

[2] Among others, LWD cites the following prior decisions involving generic drug competition, where antitrust injury-in-fact to all or nearly all proposed class members was determined to be provable on a classwide basis using various types of evidence that were common to the class: *In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365, 369-71 (D.D.C. 2007); *Meijer, Inc. v. Warner Chilcott Holdings Co. III*, 246 F.R.D. 293, 308-10 (D.D.C. 2007); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 343-46 (D. Mass. 2003); *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 58 (S.D.N.Y. 2002); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307-21 (E.D. Mich. 2001).

alleged that they paid overcharges because generic drug competition was impeded (Pl. Mem. at 23-24 (Doc. #88)),[3] provide the basis for the Court to determine, in accordance with the requisites of *In re Initial Public Offerings Securities Litig.*, 471 F.3d 24 (2d Cir. 2006), that aggregate damages to the Direct Purchaser Class as a whole may be calculated using appropriate methodologies.

8.   Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this action. *See* Pl. Mem. at 24-25 & n.23 (Doc. #88). The Court believes it is desirable, for purposes of judicial and litigant efficiency, to concentrate the claims of the Direct Purchaser Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this.

9.   Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the following firm is hereby appointed as lead counsel to the Direct Purchaser Class ("Lead Direct Purchaser Class Counsel"), and is directed to ensure that all work performed by the other counsel listed on the Complaint ("Direct Purchaser Class Counsel") is performed efficiently and without duplication of effort:

---

[3]Among others, LWD cites the following prior decisions involving generic drug competition, where the availability of methods to analyze aggregate overcharge damages to the proposed class as a whole satisfied Rule 23(b)(3)'s requirements: *In re Nifedipine Antitrust Litig.*, 246 F.R.D. at 371; *Meijer, Inc.*, 246 F.R.D. at 310-12; *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. at 58; *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 30-31 (D.D.C. 2001); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. at 321-25. *See also In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 521-23, 524-26 (S.D.N.Y. 1996).

Bruce E. Gerstein
Barry S. Taus
Anne K. Fornecker
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
(212) 398-0055

10. Within twenty (20) days, Lead Direct Purchaser Class Counsel shall file with the Court a motion seeking approval of a form of individual Notice, for direction to each member of the Direct Purchaser Class by first class United States mail, of the certification of the Direct Purchaser Class. The Court hereby determines that such method is the best practicable under the circumstances. *See* Pl. Mem. at 25 n.24 (Doc. #88). Lead Direct Purchaser Class Counsel's proposed Notice shall comply in all respects with Fed. R. Civ. P. 23(c)(2)(B), and shall be accompanied by a form of order which, if signed and entered by the Court, would direct completion of the provision of such Notice within thirty (30) days of such entry.

IT IS SO ORDERED.

BY THE COURT:

_____
HAROLD BAER, U.S.D.J.