1  Nicole M. Norris (SBN 222785)
   WINSTON & STRAWN LLP
2  101 California Street, Suite 3900
   San Francisco, CA  94111-5894
3  Telephone:    415-591-1000
   Facsimile:    415-591-1400
4  Email: nnorris@winston.com

5  James F. Hurst (*Admitted Pro Hac Vice*)
   David J. Doyle (*Admitted Pro Hac Vice*)
6  Samuel S. Park (*Admitted Pro Hac Vice*)
   WINSTON & STRAWN LLP
7  35 W. Wacker Drive
   Chicago, IL 60601-9703
8  Telephone:    312-558-5600
   Facsimile:    312-558-5700
9  Email: jhurst@winston.com; ddoyle@winston.com;
   spark@winston.com
10
   Charles B. Klein (*Admitted Pro Hac Vice*)
11 WINSTON & STRAWN LLP
   1700 K Street, N.W.
12 Washington, D.C.  20007
   Telephone:    202-282-5000
13 Facsimile:    202-282-5100
   Email: cklein@winston.com
14
   Attorneys for Defendant
15 ABBOTT LABORATORIES

16

17                 **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

19                      **OAKLAND DIVISION**

20 MEIJER, INC. & MEIJER DISTRIBUTION,    )    **Case No. C 07-5985 CW**
   INC., on behalf of themselves and all others    )
21 similarly situated,                    )    *Related by Order to:*
                                          )
22          Plaintiffs,                   )    *Case No. C 04-1511 CW*
                                          )
23      vs.                               )    **DECLARATION OF CHARLES B. KLEIN**
                                          )    **IN SUPPORT OF PLAINTIFFS'**
24 ABBOTT LABORATORIES,                   )    **ADMINISTRATIVE MOTION TO SEAL**
                                          )
25          Defendant.                    )
                                          )    The Honorable Judge Wilken
26      [caption continues next page]     )
                                          )
27                                        )
                                          )
28                                        )

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**Winston & Strawn LLP**
**35 W. Wacker Drive**
**Chicago, IL 60601-9703**

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, | **Case No. C 07-6010 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. C 04-1511 CW* |
| vs. | **DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF PLAINTIFFS'** |
| ABBOTT LABORATORIES, | **ADMINISTRATIVE MOTION TO SEAL** |
| Defendant. | |
| | The Honorable Judge Wilken |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated, | **Case No. C 07-6118 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. C 04-1511 CW* |
| vs. | **DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF PLAINTIFFS'** |
| ABBOTT LABORATORIES, | **ADMINISTRATIVE MOTION TO SEAL** |
| Defendant. | |
| | **The Honorable Judge Wilken** |

1            I, Charles B. Klein, declare:

2            1.     I am an attorney at law, admitted to practice in this Court for this matter.  I am

3    a partner with the law firm of Winston & Strawn LLP, counsel of record for Abbott Laboratories,

4    and I am authorized to make this Declaration in that capacity.

5            2.     I submit this Declaration under Local Rule 79-5 (c) and (d) in support of filing

6    certain portions of Plaintiffs' motion under seal.  Plaintiffs submitted their redacted Direct Purchaser

7    Class Plaintiffs' Notice of Motion and Motion for Class Certification.  Plaintiffs also submitted

8    under seal their accompanying Class Certification Declaration of Hal Singer, Ph.D.

9            3.     The Direct Purchaser Class Plaintiffs' Notice of Motion and Motion for Class

10    Certification, as redacted by the Plaintiffs, may be filed in the public record.  It is my understanding

11    that the portions that have been redacted from the class certification motion reflect, in general,

12    Abbott's pricing practices for its pharmaceutical products that are not shared with the public or

13    widely disseminated even within Abbott.  As explained further in the Declaration of Jeffrey J.

14    Devlin at ¶¶ 4-5, Case No. C-04-1511 CW, Docket No. 231, this information is kept in the highest

15    confidence even within Abbott and is not intended to be disseminated to the general public or

16    Abbott's competitors.

17            4.     It is my understanding that the Class Certification Declaration of Hal Singer,

18    Ph.D. ("Singer Declaration") contains significant analysis of Abbott's pricing practices and

19    strategies based on documents and data that Abbott produced under a "Confidential" or "Highly

20    Confidential" designation.  In making such designations, Abbott made efforts to limit the scope of its

21    redactions, keeping the redacted information to only confidential and/or proprietary information that

22    is sensitive to Abbott's business and/or ability to compete.  The Singer Declaration contains

23    information on Abbott's strategic thinking and views related to pricing, market positioning, market

24    segmentation, internal projections, long-range planning, and sales of its pharmaceutical products that

25    are not shared with the public or widely disseminated even within Abbott.

26            5.     Only selected portions of the Singer Declaration rely on Abbott's confidential

27    documents produced in this case.  These portions should be sealed as a result of such reliance.

28    Abbott has identified these portions in a Redacted Class Certification Declaration of Hal Singer,

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

1   Ph.D. (attached as Ex. A.).   Abbott takes no position on whether the remainder of the Singer

2   Declaration should be sealed pursuant to Local Rule 79-5.

3             6.       It is also my understanding that the sealed information in the class

4   certification motion and Singer Declaration could be confusing, misleading, or incomplete if taken

5   out of context or without the proper background information.   Therefore, some of the information

6   redacted, in addition to being competitively sensitive, could be used to mislead the public and be

7   perceived in a way that was never intended by the author or the deponent.

8             7.       Moreover, the redacted information contained in these documents could be

9   useful to Abbott's competitors who would learn Abbott's strategic thinking, decision-making

10  processes, and the type of information used to make its important decisions.   Accordingly, any

11  disclosure of this information would be harmful to Abbott.

12            I declare under penalty of perjury under the laws of the United States of America that

13  the foregoing is true and correct.

14            Executed in Washington D.C, this 12th day of May, 2008.

15

16

17                                                /s/ Charles B. Klein

18                                                      Charles B. Klein
                                                  Attorney for Defendant Abbott Laboratories

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703