1  Joseph R. Saveri (SBN 130064)
   *jsaveri@lchb.com*
2  Eric B. Fastiff (SBN 182260)
   *efastiff@lchb.com*
3  Brendan Glackin (SBN 199643)
   *bglackin@lchb.com*
4  Lieff, Cabraser, Heimann & Bernstein, LLP
   Embarcadero Center West
5  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
6  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
7
   *Attorneys for Individual and Representative Plaintiff*
8  *Rochester Drug Co-Operative, Inc.*

9  Charles M. Kagay (SBN 073377)
   *cmk@slksf.com*
10 SPIEGEL, LIAO & KAGAY
   388 Market Street, Suite 900
11 San Francisco, CA 94111
   Telephone:  (415) 956-5959
12 Facsimile:  (415) 362-1431

13 *Attorneys for Individual and Representative Plaintiff*
   *Louisiana Wholesale Drug Company, Inc.*
14
   [Additional Attorneys and Plaintiffs listed on Signature
15 Page]

16                    UNITED STATES DISTRICT COURT
17
                     NORTHERN DISTRICT OF CALIFORNIA
18
                             (OAKLAND DIVISION)
19

20 MEIJER, INC. & MEIJER                    Case No. C 07-5985 CW
   DISTRIBUTION, INC., on behalf of
21 themselves and all others similarly      *Related per October 31, 2007 Order to*
   situated,                                *Case No. C-04-1511 (CW)*
22
                     Plaintiffs,            **ANSWERS AND OBJECTIONS OF**
23                                          **PLAINTIFFS MEIJER, INC., MEIJER**
   v.                                       **DISTRIBUTION, INC., ROCHESTER DRUG**
24                                          **CO-OPERATIVE, INC., AND LOUISIANA**
   ABBOTT LABORATORIES,                     **WHOLESALE DRUG COMPANY, INC. TO**
25                                          **ABBOTT LABORATORIES' FIRST SET OF**
                     Defendant.             **INTERROGATORIES TO PLAINTIFFS**
26

27 --[*caption continues next page*]--

28

757043.1                                   CASE NOS. C-07-5985-CW; C07-6010 (CW); C07-6118 (CW)

OBJECTIONS OF PLAINTIFFS' TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATOIRES TO PLAINTIFFS

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6010 CW<br><br>*Related per October 31, 2007 Order to Case No. C-04-1511 (CW)* |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6118 CW<br><br>*Related per October 31, 2007 Order to Case No. C-04-1511 (CW)* |

**ANSWERS AND OBJECTIONS OF PLAINTIFFS MEIJER, INC., MEIJER DISTRIBUTION, INC., ROCHESTER DRUG CO-OPERATIVE, INC., AND LOUISIANA WHOLESALE DRUG COMPANY, INC. TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

**FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rules 26-1, 26-2, and 33-1-33-3 of the Local Rules of the United States District Court for the Northern District of California, and subject to the objections stated below, Plaintiffs Meijer, Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Company, Inc. ("Plaintiffs") hereby submit these answers and objections to Abbott Laboratories' First Set of Interrogatories to Plaintiffs.

**GENERAL OBJECTIONS**

1. Plaintiffs object to these Interrogatories, including the Definitions and the Instructions set forth therein, to the extent that they attempt to impose on Plaintiffs any discovery

obligations greater than or different from those under the Federal Rules of Civil Procedure and/or the Local Rules for the Northern District of California.

2. Plaintiffs object to these Interrogatories to the extent that they seek information that is not relevant to the claim or defense of any party in this action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to these Interrogatories to the extent that they seek the production of information protected by the attorney client privilege, the attorney work product doctrine and/or any other applicable privilege, immunity or protection. Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the information produced or the subject matter thereof, or a waiver of Plaintiffs, right to object to the use of any such information during trial or any subsequent proceeding.

4. Plaintiffs object to these Interrogatories to the extent that they impose an undue burden upon Plaintiffs, including searching for information: (i) that is not relevant to the claim or defense of any party in this action and/or is not reasonably calculated to lead to the discovery of admissible evidence; (ii) the value, if any, of which is substantially outweighed by the burden or cost of searching for or locating it; or (iii) that is equally available to Defendant Abbott Laboratories ("Defendant") or already in Defendant's possession.

5. Plaintiffs object to these Interrogatories to the extent that they seek production of information or documents not in the possession, custody, and/or control of Plaintiffs.

6. Plaintiffs object to these Interrogatories to the extent that they seek documents or information in the possession of Defendant, or which have been requested from Defendant but which Defendant failed to provide.

7. Plaintiffs object to these Document Requests to the extent that they constitute premature contention requests.

8. Plaintiffs object to these requests to the extent that they exceed the number of interrogatories allowed under the Federal Rules of Civil Procedure and/or the Local Rules.

9. Plaintiffs object to the form of these Interrogatories to the extent that they assume facts; are vague, ambiguous, confusing, or otherwise incomprehensible; seek information not

calculated to lead to the discovery of admissible evidence; call for legal conclusions; call for improper lay opinion; or call for speculation or conjecture.

10. Plaintiffs object to these requests to the extent they request documents or information concerning downstream sales and/or the resale of pharmaceutical products below the manufacturer level, which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiffs have alleged an overcharge theory of damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199 (1990).

11. By referring to material pursuant to these Interrogatories, Plaintiffs do not stipulate or otherwise admit that any such materials are authentic, relevant or admissible. Plaintiffs expressly reserve all objections to admission of such materials.

12. Plaintiffs object to the definitions and instructions section of Defendant's Request to the extent that the definitions and instructions set forth herein exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules and/or seek to define terms in a manner other than as normally defined. Without waiving this objection and subject to it, Plaintiffs will respond to the requests for production in accordance with the Federal Rules of Civil Procedure, the Local Rules and the ordinary usage of the English language.

13. Plaintiffs object to the definition of the terms "Plaintiffs," "you," and "your" in the Interrogatories on the grounds that these definitions are vague and ambiguous, overly broad, unduly burdensome, seek information beyond the scope of discovery pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court and seek information not within the possession, custody or control of Plaintiffs. In accordance with the Federal Rules of Civil Procedure, Plaintiffs will provide responses based on information within its possession, custody or control.

14. Plaintiffs object to the definition of "communication" to the extent that the definition is vague, ambiguous, unnecessarily broad, and is not calculated to lead to the discovery of relevant evidence.

15. Plaintiffs object to the definition of "document" to the extent that the definition is vague, ambiguous, unnecessarily broad, is not calculated to lead to the discovery of relevant evidence, and is broader than or different from the definition of "document" found in Fed. R. Civ. P. 34.

16. Plaintiffs object to the definition of "identify" to the extent that the definition is vague, ambiguous, unnecessarily broad, is not calculated to lead to the discovery of relevant evidence, calls for the production or identification of evidence not in the possession, custody, or control of Plaintiffs, and calls for the provision of extraneous information not required under the Federal Rules of Civil Procedure or Local Rules.

17. Plaintiffs object to the attempt to "Definition No. 10" as it is vague, ambiguous, unnecessarily broad, and calls for information not calculated to lead to the discovery of admissible evidence.

18. Plaintiffs object to the attempt to "Definition No. 11" as it is vague, ambiguous, unnecessarily broad, and calls for information not calculated to lead to the discovery of admissible evidence.

19. Plaintiffs object to the definition of "Abbott Competitors" as it assumes facts not in evidence, is vague and ambiguous, prejudicial, confusing, misleading, and is not reasonably calculated to lead to the discovery of admissible evidence in that several corporations are identified as competitors of Abbott who do not compete in the Boosted Protease Inhibitor Market or Booster Protease Inhibitor Market, and calls for the production of evidence not relevant to this litigation.

20. Plaintiffs object to the definitions of "Antiretroviral Drugs" and "ARV Drugs" as they assume facts not in evidence, are vague and ambiguous, prejudicial, confusing, misleading, and are not reasonably calculated to lead to the discovery of admissible evidence in that the

1  definitions are over inclusive and/or under inclusive and identify drugs which are not part of the
2  relevant market.

3   21.   Plaintiffs object to the definitions of "Non Nucleoside Reverse Transcriptase
4  Inhibitors" and "NNRTIs" as they assume facts not in evidence, are vague and ambiguous,
5  prejudicial, confusing, misleading, and are not reasonably calculated to lead to the discovery of
6  admissible evidence in that the definitions are over inclusive and/or under inclusive and identify
7  drugs which are not part of the relevant market.

8   22.   Plaintiffs object to the definitions of "Nucleoside/Nucleotide Reverse
9  Transcriptase Inhibitors" and "NRTIs" as they assume facts not in evidence, are vague and
10 ambiguous, prejudicial, confusing, misleading, and are not reasonably calculated to lead to the
11 discovery of admissible evidence in that the definitions are over inclusive and/or under inclusive
12 and identify drugs which are not part of the relevant market.

13  23.   Plaintiffs object to the definitions of "Protease Inhibitors" and "PIs" as they
14 assume facts not in evidence, are vague and ambiguous, prejudicial, confusing, misleading, and
15 are not reasonably calculated to lead to the discovery of admissible evidence in that the
16 definitions are over inclusive and/or under inclusive and identify drugs which are not part of the
17 relevant market.

18  24.   Plaintiffs object to the definition of "Entry Inhibitors" as it assume facts not in
19 evidence, is vague and ambiguous, prejudicial, confusing, misleading, and not reasonably
20 calculated to lead to the discovery of admissible evidence in that the definition is over inclusive
21 and/or under inclusive and identify drugs which are not part of the relevant market.

22  25.   Plaintiffs object to the definition of "reflecting," "referring," "concerning," and
23 "relating to" as overbroad, vague and ambiguous.

24  26.   To the extent that the Interrogatories seek confidential and proprietary information
25 of Plaintiffs, if any such information will be produced, it will be produced pursuant to the terms
26 of the Protective Order in this case.

1    27.    Plaintiffs object to each interrogatory as unduly burdensome, oppressive, and harassing to the extent they call upon or require Plaintiffs to perform any action or investigation not required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

28.    Plaintiffs object to "Instruction No. 1" as confusing and misleading, vague, overbroad, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

29.    Plaintiffs object to "Instruction No. 2" as unduly burdensome, harassing, imposing obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

30.    Plaintiffs object to "Instruction No. 3" as unduly burdensome, harassing, imposing obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

31.    Plaintiffs object to "Instruction No. 4" as unduly burdensome, harassing, imposing obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

### RESERVATIONS AND DEFINITIONS

1.    Plaintiffs' investigation into the facts and circumstances surrounding this litigation is ongoing. Plaintiffs reserve the right to supplement these responses up to and including at the time of trial. Plaintiffs also reserve the right to later object to any information provided herein that would be inadmissible at trial.

2.    For purposes of these objections and responses:

   a.    "Defendant" shall mean Abbott Laboratories.

   b.    "Proposed Class" shall mean or refer to the persons or entities proposed as a class as set forth in paragraph 47 of Plaintiffs' Consolidated Amended Complaint filed on January 11, 2008.

Without waiving the general objections and the objections set forth in response to specific Interrogatories, Plaintiffs respond, within the limits of these objections, as set forth below.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons, including witnesses you intend to call at any hearing for class certification or trial, who have knowledge relating to any allegations, claims or defenses in the above captioned case and, for each such person, describe the subject matter of his or her knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to their general objections, Plaintiffs specifically object to this interrogatory on the ground that it constitutes a premature contention discovery request. Plaintiffs further object to this interrogatory because it is overbroad, compound, and seeks information which is not reasonably calculated to lead to discoverable evidence. Plaintiffs further object to this interrogatory to the extent it calls for confidential or personal information which is not relevant to this litigation. Plaintiffs further object because the time for the disclosure of Plaintiffs' trial witness lists has not yet occurred. Subject to and without waiving the foregoing objections, Plaintiffs may call the following individuals as witness in further proceedings in this litigation:

    a.    Jaqueline DeBruler

          Buyer, Merchandiser - Pharmacy / OTC

          Meijer, Inc.

          2929 Walker Avenue, N.W.

          Grand Rapids, MI 49544

          Ms. DeBruler can be contacted through counsel for Meijer, Inc.:

          Linda Nussbaum, Esq.

          KAPLAN FOX & KILSHEIMER, LLP

          850 Third Avenue, 14th Floor

          New York, NY 10022

          Tel: (212) 687-1980

| | | |
|---|---|---|
|1| b. | Larry Doud |
|2| | Chief Executive Officer |
|3| | Rochester Drug Co-operative, Inc. |
|4| | 50 Jet View Drive |
|5| | Rochester, NY 146243 |
|6| | Mr. Doud can be contacted through counsel for Rochester Drug Co-operative, Inc.: |
|7| | Eric Cramer, Esq. |
|8| | BERGER & MONTAGUE, P.C. |
|9| | 1622 Locust Street |
|10| | Philadelphia, PA 19103 |
|11| | Tel: (215) 875-3000. |
|12| | |
|13| c. | Gayle R. White |
|14| | President and Marketing Manager |
|15| | Louisiana Wholesale Drug Co., Inc. |
|16| | P.O. Box 500 |
|17| | Sunset, LA 70584 |
|18| | Mr. White can be contacted through counsel for Louisiana |
|19| | Wholesale Drug Co., Inc.: |
|20| | Bruce Gerstein, Esq. |
|21| | GARWIN, GERSTEIN & FISHER, L.L.P. |
|22| | 1501 Broadway |
|23| | New York, NY 10036 |
|24| | Tel: (212) 398-0055 |

**INTERROGATORY NO. 2:**

Identify the Putative Class members of whom you are aware and, for each such member, provide: (i) a full name and address; (ii) date of incorporation; and (iii) place of incorporation.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to their general objections, Plaintiffs further object to this interrogatory as premature, overbroad and harassing to the extent it calls for information substantially in the exclusive possession of Defendant or is available from public sources equally available to Defendant. Plaintiffs further object to this request to the extent it calls for discovery from absent members of the proposed class. Plaintiffs further object to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence and the interrogatory is unduly burdensome insofar as it seeks the date of incorporation and place of incorporation of all members of the proposed class.

**INTERROGATORY NO. 3:**

For each Putative Class member identified in Interrogatory No. 2 above, please describe in detail and quantify the injuries each suffered as a result of Abbott's allegedly exclusionary, anticompetitive, and/or predatory conduct and include in your answer a description of (i) all ARV Drugs, including PIs, that the Putative Class member has purchased or paid for since 2003; (ii) the dates of each such purchase or payment; (iii) the entity from which the Putative Class member purchased and/or to which the Putative Class member paid for such ARV Drugs; (iv) the prices that the Putative Class member paid for such ARV Drugs; (v) the price at which the Putative Class member sold such ARV Drugs to consumers, pharmacies, other retailers, distributors, or any other entities or persons; and (vi) the amount of any payments or reimbursements the Putative Class member received for the sale of such ARV Drugs.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to their general objections, Plaintiffs further object to this interrogatory as premature and harassing to the extent it calls for information substantially in the exclusive possession of Defendant. This request is also objectionable to the extent it calls for expert analysis and testimony. Plaintiffs further object to this request to the extent it calls for discovery

from absent members of the proposed class. This request is overbroad to the extent it relates to drugs outside of the relevant market. Plaintiffs object to this request to the extent it requests information concerning the resale of pharmaceutical products below the manufacturer level, which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because Plaintiffs have alleged an overcharge theory of damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this case. Subject to and without waiving these objections, Plaintiffs' injuries are in the form of overcharges, that is, the amount by which Plaintiffs paid more for Norvir and Kaletra than they otherwise would have paid absent Defendant's illegal conduct. All members of the proposed class incurred the same injury. The extent of injury will be computed by economists and/or other experts based, in part, on data from Defendant.

**INTERROGATORY NO. 4:**

Do you agree that the use of Ritonavir (Norvir®) and pharmaceutical formulations thereof in combination with other protease inhibitors falls within the scope of one or more of the Abbott Patents? If your answer is anything other than an unqualified "yes," please state your basis or bases for disagreeing with this statement (including, but not limited to, any assertion by Plaintiffs that one or more of the Abbott Patents are invalid) and identify any documents that you claim support your position.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to their general objections, Plaintiffs specifically object to this Interrogatory on the grounds that it constitutes a premature contention request. Plaintiffs further object to this interrogatory because it is overbroad, compound and seeks discovery not reasonably calculated to discoverable evidence. Plaintiffs further object to this interrogatory because it requires expert analysis and expert reports are not yet due, and calls for information substantially in the exclusive possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal conclusions and analysis.

**INTERROGATORY NO. 5:**

Describe in detail every fact and/or document supporting your definition of the "Boosting Market" and the "Boosted Market," as alleged in paragraph 43 of your Complaint, and identify all of the products you contend are sold in each of these alleged markets.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to their general objections, Plaintiffs specifically object to this Interrogatory on the grounds that it constitutes a premature contention request. Plaintiffs further object to this interrogatory because it is overbroad, compound and not reasonably calculated to lead to discoverable evidence. Plaintiffs further object to this interrogatory because it requires expert analysis and expert reports are not yet due, and calls for information substantially in the exclusive possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal conclusions and analysis.

**INTERROGATORY NO. 6:**

Describe in detail every act or omission by Abbott that you allege was exclusionary, anticompetitive, and/or predatory and, for each act or omission, identify (i) the date of the act or omission; (ii) all documents you claim support your allegation that the act or omission was exclusionary, anticompetitive, and/or predatory; (iii) all individuals with knowledge of the act of omission; and (iv) a description of each individual's relevant knowledge.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to their general objections, Plaintiffs specifically object to this Interrogatory on the grounds that it constitutes a premature contention request. Plaintiffs further object to this interrogatory because it is overbroad, compound, confusing and misleading and is not reasonably calculated to lead to discoverable evidence. Plaintiffs further object to this interrogatory because it requires or may require expert analysis and expert reports are not yet due, and calls for information substantially in the exclusive possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal conclusions and analysis.

**INTERROGATORY NO. 7:**

Describe in detail the factual basis for, and any documents supporting, your allegation in paragraph 41 of the Complaint that Abbott has engaged and/or is engaging in below-cost pricing and identify all documents you claim support this allegation.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to their general objections, Plaintiffs specifically object to this Interrogatory on the grounds that it constitutes a premature contention request. Plaintiffs further object to this interrogatory because it is overbroad. Plaintiffs further object to this interrogatory because it requires or may require expert analysis and expert reports are not yet due, and calls for information substantially in the exclusive possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal conclusions and analysis.

**INTERROGATORY NO. 8:**

Describe in detail the damages or monetary compensation you are seeking in this lawsuit on behalf of the named Plaintiffs and on behalf of the Putative Class as a whole, any methods that have been used to estimate or calculate such damages or monetary compensation, and any documents supporting or relating to said estimates or calculations.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to their general objections, Plaintiffs specifically object to this Interrogatory on the grounds that it constitutes a premature contention request. Plaintiffs further object to this interrogatory because it is overbroad. Plaintiffs further object to this interrogatory because it requires expert analysis and expert reports are not yet due, and calls for information substantially in the exclusive possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal conclusions and analysis. Subject to and without waiving these objections, Plaintiffs' injuries are in the form of overcharges, that is, the amount by which Plaintiffs paid more for Norvir and Kaletra than they otherwise would have paid absent Defendant's illegal conduct. All members of the proposed class incurred the same injury. The extent of injury will be computed by economists and/or other experts based, in part, on data from Defendant.

Dated: April 7, 2008

BERGER & MONTAGUE, P.C.

By: *Eric L Cramer /pxs*
Daniel Berger
danberger@bm.net
Eric L. Cramer (*Pro Hac Vice*)
ecramer@bm.net
David F. Sorensen
dsorensen@bm.net
1622 Locust Street
Philadelphia, PA 19103
Telephone:    (215) 875-3000
Facsimile:    (215) 875-4604

*Counsel for Plaintiff Rochester Drug Cooperative, Inc.*


GARWIN GERSTEIN & FISHER, LLP
Bruce E. Gerstein (*Pro Hac Vice*)
bgerstein@garwingerstein.com
Noah H. Silverman (*Pro Hac Vice*)
nsilverman@garwingerstein.com
1501 Broadway, Suite 1416
New York, New York 10036
Tel: (212) 398-0055
Fax: (212) 764-6620

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*


KAPLAN FOX & KILSHEIMER LLP
Linda Nussbaum (*Pro Hac Vice*)
lnussbaum@kaplanfox.com
John Radice (*Pro Hac Vice*)
jradice@kaplanfox.com
850 Third Avenue
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.*