1   Joseph R. Saveri (SBN 130064)
    *jsaveri@lchb.com*
2   Eric B. Fastiff (SBN 182260)
    *efastiff@lchb.com*
3   Brendan Glackin (SBN 199643)
    *bglackin@lchb.com*
4   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
    Embarcadero Center West
5   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
6   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008
7
    *Attorneys for Individual and Representative Plaintiff*
8   *Rochester Drug Co-Operative, Inc.*

9   Charles M. Kagay (SBN 073377)
    *cmk@slksf.com*
10  SPIEGEL, LIAO & KAGAY
    388 Market Street, Suite 900
11  San Francisco, CA 94111
    Telephone: (415) 956-5959
12  Facsimile: (415) 362-1431

13  *Attorneys for Individual and Representative Plaintiff*
    *Louisiana Wholesale Drug Company, Inc.*
14
    [Additional Attorneys and Plaintiffs listed on Signature
15  Page]

16                 UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                      (OAKLAND DIVISION)

19

| | |
|---|---|
| 20  MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of 21 themselves and all others similarly situated, 22 Plaintiffs, 23 v. 24 ABBOTT LABORATORIES, 25 Defendant. 26 27 --[caption continues next page]-- 28 | Case No. C 07-5985 CW **OBJECTIONS AND RESPONSES OF PLAINTIFFS MEIJER, INC., MEIJER DISTRIBUTION, INC., ROCHESTER DRUG CO-OPERATIVE, INC., AND LOUISIANA WHOLESALE DRUG COMPANY, INC. TO ABBOTT LABORATORIES' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS** **Hon. Claudia Wilken** |

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>                Defendant. | Case No. C 07-6010 CW<br><br>**Hon. Claudia Wilken** |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>                Defendant. | Case No. C 07-6118 CW<br><br>**Hon. Claudia Wilken** |

**OBJECTIONS AND RESPONSES OF PLAINTIFFS MEIJER, INC., MEIJER DISTRIBUTION, INC., ROCHESTER DRUG CO-OPERATIVE, INC., AND LOUISIANA WHOLESALE DRUG COMPANY, INC. TO ABBOTT LABORATORIES' FIRST SET OF REQUEST <u>FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Rules 26-1, 26-2, and 34-1 of the Local Rules of the United States District Court for the Northern District of California, and subject to the objections stated below, Plaintiffs Meijer, Inc., Meijer Distribution, Inc., Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Company, Inc. ("Plaintiffs" or "Class Representatives") by and through their attorneys, hereby submit these objections and responses ("Responses") to Abbott Laboratories' First Set of Requests for Production of Documents and Things to Plaintiffs ("Document Requests" or "Requests"). The following Responses are based upon facts and information known by Plaintiffs at the time of responding to these Document Requests and on the current status of the proceedings.

1         Plaintiffs reserve the right to supplement, modify or amend these Responses in

2  accordance with the provisions of the Federal Rules of Civil Procedure and in light of relevant

3  decisions in this case.

4         These Responses are made without in any way waiving or intending to waive, but

5  to the contrary preserving and intending to preserve:

6         a.    all questions as to competency, relevance, materiality, privilege, and

7  admissibility as evidence for any purpose of any of the documents provided in connection

8  herewith;

9         b.    the right to object on any ground to the use of the documents produced

10  hereunder or the subject matter thereof at any trial or hearing in this matter, or in any related or

11  subsequent action or proceeding;

12         c.    the right to object on any ground at any time to a demand for further

13  response or documents; and

14         d.    the right at any time to revise, supplement, correct or add to these

15  Responses.

16         The failure of Plaintiffs to object on a particular ground to a specific Document

17  Request should in no way be construed to be a waiver of the right to object on additional grounds

18  or to supplement their objections and responses at a later time after further investigation and/or in

19  response to clarifications or interpretations provided by the defendant who has served these

20  Document Requests ("Defendant").

21         Whenever, in response to a Document Request, Plaintiffs agree to provide/produce

22  documents, such a response does not constitute a representation that such documents exist, but

23  only that such documents will be produced if they exist, can be located with reasonable diligence,

24  and are not otherwise protected from disclosure.

25         A response to any Document Request shall not be deemed an admission or

26  acknowledgment that such request calls for information that is relevant to the subject matter of

27  this litigation, is authentic, or admissible at any trial thereof.

28

1    Subject to the foregoing, and subject to the objections set forth below, Plaintiffs

2    will produce, at their attorney's office, for inspection and copying, such relevant, non-privileged

3    documents as may be responsive to the Document Requests as set forth herein. All documents

4    produced will be subject to the operative protective order in effect in this litigation.

5    **GENERAL OBJECTIONS**

6    1.    Plaintiffs object to these Document Requests to the extent that they seek

7    documents that are protected from disclosure by the attorney-client privilege, the attorney work

8    product doctrine, the common interest doctrine, or any other applicable privilege, right, immunity

9    or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, the Local

10    Rules of the United States District Court for the Northern District of California, in common law,

11    in case law doctrine, or in the Constitutions and other laws of the United States or applicable state

12    law (together, "Privilege" or "Privileged"). Any inadvertent disclosure of any Privileged

13    information shall not be deemed a waiver or impairment of Plaintiffs' right to assert the

14    applicability of any privilege or immunity to the information.

15    2.    Plaintiffs object to these Document Requests to the extent that they seek

16    production of documents from persons or entities that are not parties to this action and which

17    documents are not now and never have been in the possession, custody or control of Plaintiffs.

18    3.    Plaintiffs object to these Document Requests to the extent that they seek

19    production of documents that do not exist and would have to be created in order to respond to

20    such requests.

21    4.    Plaintiffs object to these Document Requests to the extent that they seek

22    the production of documents relating to any expert or other person or entity retained by Plaintiffs'

23    counsel to assist in the preparation of Plaintiffs' case: (a) to the extent any such person or entity

24    has not been designated by Plaintiff as a trial witness, on the grounds that such disclosure is

25    (i) neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

26    (ii) prejudicial to Plaintiffs' preparation of this case and is in contravention of Rule 26(b)(4)(B) of

27    the Federal Rules of Civil Procedure; and/or (iii) would require disclosure of information and

28    documents protected from disclosure by the attorney work-product doctrine; and (b) to the extent

1    that any such person or entity has been designated by Plaintiff as a trial witness on the grounds

2    that such disclosure is premature according to the Scheduling Order entered in this case.

3              5.    Plaintiffs object to these Document Requests, including but not limited to,

4    the Definitions and Instructions set forth in the Document Requests, to the extent that they are

5    vague, ambiguous, confusing or otherwise incomprehensible, overly broad, individually or

6    cumulatively unduly burdensome , and harassing,. Plaintiffs will respond to these Document

7    Requests based upon their best, common-sense understanding of what is being requested.

8              6.    Plaintiffs object to these Document Requests to the extent they: seek

9    information which is not relevant to the subject matter involved in the pending action; seek

10   information which is not reasonably calculated to lead to the discovery of admissible evidence;

11   are unreasonably cumulative or duplicative; or seek information which is obtainable from some

12   other source that is more convenient, less burdensome, or less expensive.

13             7.    Plaintiffs object to these Document Requests to the extent that they seek

14   information that is already in the possession, custody or control of, or readily accessible to,

15   Defendant.

16             8.    Plaintiffs object to Defendant's Requests to the extent that they seek to

17   impose upon Plaintiffs an obligation to review the documents produced by Defendant or others in

18   this litigation and to produce certain of those documents back to Defendant.

19             9.    Plaintiffs object to these Document Requests to the extent that they

20   constitute premature contention requests.

21             10.   Plaintiffs object to these requests to the extent that they exceed the number

22   of document requests and, to the extent such requests are interrogatories, exceed the number of

23   interrogatories allowed under the Federal Rules of Civil Procedure and/or the Local Rules.

24             11.   Plaintiffs object to these Document Requests to the extent they assume

25   facts; call for legal conclusions; call for improper lay opinion; or call for speculation or

26   conjecture.

27             12.   Plaintiffs object to these Document Requests to the extent that they call for

28   discovery of or from unnamed or absent class members of the Proposed Class.   Discovery of

- 4 -                OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
                                                                                FIRST SET OF REQUESTS FOR PRODUCTION
                                                                                CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1  unnamed or absent members of a proposed class is highly disfavored. "Discovery of unnamed

2  members of a proposed class requires a demonstration of need." Manual for Complex Litigation

3  (Fourth) § 21.14 (2004). Further, "[i]f precertification discovery of unnamed class members is

4  appropriate, the court should consider imposing limits beyond those contemplated by the Federal

5  Rules of Civil Procedure." *Id.* Plaintiffs accordingly object to these Document Requests as a

6  "demonstration of need" has not been made, and appropriate limits have not been set by the

7  Court.

8         13.    Plaintiffs object to these requests to the extent they request documents or

9  information concerning downstream sales and/or the resale of pharmaceutical products below the

10  manufacturer level, which are not relevant, nor reasonably calculated to lead to the discovery of

11  admissible evidence. Because Plaintiffs have alleged an overcharge theory of damages and are

12  not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream"

13  information is not relevant to this case. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392

14  U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp*

15  *United, Inc.*, 497 U.S. 199 (1990).

16         14.    Where two or more Document Requests call or apparently call for the

17  production of the same documents or category of documents, an objection made to one request is

18  deemed to be made as to all requests which seek the production of the same documents or

19  category of documents.

20         15.    Plaintiffs object to the definitions and instructions section of Defendant's

21  Requests to the extent that the definitions and instructions set forth herein exceed the

22  requirements of the Federal Rules of Civil Procedure, the Local Rules and/or seek to define terms

23  in a manner other than as normally defined. Without waiving this objection and subject to it,

24  Plaintiffs will respond to the requests for production in accordance with the Federal Rules of Civil

25  Procedure, the Local Rules, and the ordinary usage of the English language.

26         16.    Plaintiffs object to the definition of "Plaintiffs" and "you" as it calls for

27  information outside the custody or control of Plaintiffs.

28

1    17.    Plaintiffs object to the definition of "communication" to the extent that the

2    definition is vague, ambiguous, unnecessarily broad, and is not calculated to lead to the discovery

3    of relevant evidence.

4    18.    Plaintiffs object to the definition of "document" to the extent that the

5    definition is vague, ambiguous, unnecessarily broad, is not calculated to lead to the discovery of

6    relevant evidence, and is broader than or different from the definition of "document" found in

7    Fed. R. Civ. P. 34.

8    19.    Plaintiffs object to the attempt to "Definition No. 9" as it is vague,

9    ambiguous, unnecessarily broad, and calls for information not calculated to lead to the discovery

10    of admissible evidence.

11    20.    Plaintiffs object to the attempt to "Definition No. 10" as it is vague,

12    ambiguous, unnecessarily broad, and calls for information not calculated to lead to the discovery

13    of admissible evidence.

14    21.    Plaintiffs object to the definition of "Abbott Competitors" as it assumes

15    facts not in evidence, is vague and ambiguous, prejudicial, confusing, misleading, and is not

16    reasonably calculated to lead to the discovery of admissible evidence in that several corporations

17    are identified as competitors of Abbott who do not compete in the Boosted Protease Inhibitor

18    Market or Booster Protease Inhibitor Market, and calls for the production of evidence not relevant

19    to this litigation.

20    22.    Plaintiffs object to the definitions of "Antiretroviral Drugs" and "ARV

21    Drugs" as they assume facts not in evidence, are vague and ambiguous, prejudicial, confusing,

22    misleading, and are not reasonably calculated to lead to the discovery of admissible evidence in

23    that the definitions are overinclusive and/or underinclusive and identify drugs which are not part

24    of the relevant market.

25    23.    Plaintiffs object to the definitions of "Non-Nucleoside Reverse

26    Transcriptase Inhibitors" and "NNRTIs" as they assume facts not in evidence, are vague and

27    ambiguous, prejudicial, confusing, misleading, and are not reasonably calculated to lead to the

28

757045.1

1  discovery of admissible evidence in that the definitions are overinclusive and/or underinclusive

2  and identify drugs which are not part of the relevant market.

3       24.    Plaintiffs object to the definitions of "Nucleoside/Nucleotide Reverse

4  Transcriptase Inhibitors" and "NRTIs" as they assume facts not in evidence, are vague and

5  ambiguous, prejudicial, confusing, misleading, and are not reasonably calculated to lead to the

6  discovery of admissible evidence in that the definitions are overinclusive and/or underinclusive

7  and identify drugs which are not part of the relevant market.

8       25.    Plaintiffs object to the definitions of "Protease Inhibitors" and "PIs" as they

9  assume facts not in evidence, are vague and ambiguous, prejudicial, confusing, misleading, and

10  are not reasonably calculated to lead to the discovery of admissible evidence in that the

11  definitions are or may be overinclusive and/or underinclusive and identify drugs which are not

12  part of the relevant market.

13       26.    Plaintiffs object to the definition of "Entry Inhibitors" as it assume facts

14  not in evidence, is vague and ambiguous, prejudicial, confusing, misleading, and not reasonably

15  calculated to lead to the discovery of admissible evidence in that the definition is overinclusive

16  and/or underinclusive and identify drugs which are not part of the relevant market.

17       27.    Plaintiffs object to the use of the undefined term "putative class members"

18  as vague, ambiguous, confusing, and misleading.

19       28.    Plaintiffs object to the definition of "reflecting," "referring," "concerning,"

20  and "relating to" as overbroad, vague and ambiguous.

21       29.    Each of the foregoing objections ("General Objections") is hereby

22  incorporated in response to each Document Request as though fully set forth therein, whether or

23  not a further specific objection is made with respect to a specific Document Request.

24  **OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS**

25  **REQUEST NO. 1:**

26  All documents concerning the allegations in your Complaint, including (a) documents you

27  used, relied upon or referenced in drafting the Complaint and (b) documents that you believe

28  support your allegations in the Complaint.

1  **RESPONSE TO REQUEST NO. 1:**

2        In addition to their general objections, Plaintiffs object to this request as premature

3  contention discovery.  Subject to and without waiving the foregoing objections, Plaintiffs direct

4  Defendant to all publicly available documents filed before January 11, 2008 in *Doe 1 et al. v.*

5  *Abbott Laboratories*, Civil Action No.  4:04-cv-01511-CW (N.D. Cal.) and related actions, to

6  which Defendant is a party and is thus already in possession of all such documents, as well as to

7  any publicly available documents cited in the Complaint.  Any remaining documents are

8  protected by the attorney client and work product privileges.

9  **REQUEST NO. 2:**

10       All documents you intend to introduce or may rely upon (a) at any hearing regarding your

11  motion for class certification or (b) at trial.

12  **RESPONSE TO REQUEST NO. 2:**

13       In addition to their general objections, Plaintiffs object to this request as premature

14  contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

15  prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

16  ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

17  will produce and/or identify non-privileged, responsive documents in their possession, custody or

18  control that were not produced by Defendant or other parties in this litigation, to the extent such

19  documents exist, in conjunction with Plaintiffs' filings related to their motion for class

20  certification and/or in advance of any hearing thereon.

21  **REQUEST NO. 3:**

22       All personnel and employment history files for any officer, director, or employee

23  identified in your initial disclosures or in response to Interrogatory No. 1.

24  **RESPONSE TO REQUEST NO. 3:**

25       In addition to their general objections, Plaintiffs object to this request on the grounds that

26  it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

27  admissible evidence.  Plaintiffs also object to this request as harassing in that it calls for the

28  production of personal, confidential or privileged information.

1   **REQUEST NO. 4:**

2       All documents evidencing or supporting your allegation that "Meijer is the assignee of the

3   claims of Frank W. Kerr Co."

4   **RESPONSE TO REQUEST NO. 4:**

5       Subject to and without waiving their general objections, Meijer, Inc. and Meijer

6   Distribution Inc. will produce non-privileged, responsive documents, to the extent they exist.

7   **REQUEST NO. 5:**

8       All documents received in response to any subpoenas issued in this case.

9   **RESPONSE TO REQUEST NO. 5:**

10       Subject to and without waiving their general objections, Plaintiffs will produce or

11   otherwise make available documents received by them in response to subpoenas which Plaintiffs

12   serve in this litigation.

13   **REQUEST NO. 6:**

14       All documents identified in your answers to Abbott's First Set of Interrogatories to

15   Plaintiffs.

16   **RESPONSE TO REQUEST NO. 6:**

17       In addition to their general objections, Plaintiffs object to this request as premature

18   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

19   prematurely and/or attorney work product. Subject to and without waiving the foregoing

20   objections, Plaintiffs will produce non-privileged, responsive documents in their possession,

21   custody or control that were not produced by Defendant or other parties in this litigation, to the

22   extent such documents exist, at an appropriate stage in the litigation.

23   **REQUEST NO. 7:**

24       All documents concerning your class action allegations contained in paragraphs 47

25   through 56 and elsewhere throughout your Complaint.

26   **RESPONSE TO REQUEST NO. 7:**

27       In addition to their general objections, Plaintiffs object to this request as premature

28   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

will produce and/or identify non-privileged, responsive documents in their possession, custody or

control that were not produced by Defendant or other parties in this litigation, to the extent such

documents exist, in conjunction with Plaintiffs' filings related to their motion for class

certification and/or in advance of any hearing thereon.

**REQUEST NO. 8:**

All documents that you may use to support your proposed class definition.

**RESPONSE TO REQUEST NO. 8:**

In addition to their general objections, Plaintiffs object to this request as premature

contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

will produce and/or identify non-privileged, responsive documents in their possession, custody or

control that were not produced by Defendant or other parties in this litigation, to the extent such

documents exist, in conjunction with Plaintiffs' filings related to their motion for class

certification and/or in advance of any hearing thereon.

**REQUEST NO. 9:**

All documents relating to, or used in, the search or identification of the putative class

members.

757045.1

1    **RESPONSE TO REQUEST NO. 9:**

2           In addition to their general objections, Plaintiffs object to this request as premature

3    contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

4    prematurely and/or attorney work product. Plaintiffs also object to the extent this request calls for

5    documents subject to the attorney-client privilege. Plaintiffs also object to this request as vague,

6    ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

7    will produce and/or identify non-privileged, responsive documents in their possession, custody or

8    control that were not produced by Defendant or other parties in this litigation, to the extent such

9    documents exist, in conjunction with Plaintiffs' filings related to their motion for class

10   certification and/or in advance of any hearing thereon.

11   **REQUEST NO. 10:**

12          All documents sufficient to identify the names and addresses of the putative class

13   members.

14   **RESPONSE TO REQUEST NO. 10:**

15          In addition to their general objections, Plaintiffs object to this request as premature

16   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

17   prematurely and/or attorney work product. Plaintiffs also object to this request to the extent it

18   calls for discovery from absent class members and/or documents not in the possession, custody,

19   or control of Plaintiffs. Plaintiffs also object to this request as vague, ambiguous, and overbroad.

20   Subject to and without waiving the foregoing objections, Plaintiffs will produce and/or identify

21   non-privileged, responsive documents in their possession, custody or control that were not

22   produced by Defendant or other parties in this litigation, to the extent such documents exist, in

23   conjunction with Plaintiffs' filings related to their motion for class certification and/or in advance

24   of any hearing thereon.

25   **REQUEST NO. 11:**

26          All documents related to your allegations that this action may be maintained or asserted as

27   a class action, including documents supporting your allegations that (i) the class is "so numerous

28   that joinder is impracticable," (ii) all relevant "[q]uestions of law and fact are common to the

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1  members of the Class," (iii) "Plaintiffs' claims are typical of the claims of those of the Class," and

2  (iv) "Plaintiffs will fairly and adequately protect and represent the interests of the Class."

3  **RESPONSE TO REQUEST NO. 11:**

4      In addition to their general objections, Plaintiffs object to this request as premature

5  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

6  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

7  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

8  will produce and/or identify non-privileged, responsive documents in their possession, custody or

9  control that were not produced by Defendant or other parties in this litigation, to the extent such

10 documents exist, in conjunction with Plaintiffs' filings related to their motion for class

11 certification and/or in advance of any hearing thereon.

12 **REQUEST NO. 12:**

13     All documents supporting your allegation that "Class action treatment" would avoid "the

14 unnecessary duplication of effort and expense that numerous individual actions would engender,"

15 including any documents relating to potential litigation against Abbott by any potential class

16 member.

17 **RESPONSE TO REQUEST NO. 12:**

18     In addition to their general objections, Plaintiffs object to this request as premature

19 contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

20 prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

21 ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

22 will produce and/or identify non-privileged, responsive documents in their possession, custody or

23 control that were not produced by Defendant or other parties in this litigation, to the extent such

24 documents exist, in conjunction with Plaintiffs' filings related to their motion for class

25 certification and/or in advance of any hearing thereon.

26 **REQUEST NO. 13:**

27     All documents concerning your allegations, contained in paragraphs 42, 61, 67, 71 and

28 elsewhere throughout your Complaint, that you have been injured in your businesses and

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1    properties by reason of Abbott's conduct.

2    **RESPONSE TO REQUEST NO. 13:**

3         In addition to their general objections, Plaintiffs object to this request as premature

4    contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

5    prematurely and/or attorney work product. Subject to and without waiving the foregoing

6    objections, Plaintiffs will produce non-privileged, responsive documents in their possession,

7    custody or control that were not produced by Defendant or other parties in this litigation, to the

8    extent such documents exist, at an appropriate stage in the litigation.

9    **REQUEST NO. 14:**

10        All documents concerning your allegations, contained in paragraphs 42, 61, 67, 71 and

11   elsewhere throughout your Complaint, that the putative class members have been injured in their

12   businesses and properties by reason of Abbott's conduct.

13   **RESPONSE TO REQUEST NO. 14:**

14        In addition to their general objections, Plaintiffs object to this request as premature

15   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

16   prematurely and/or attorney work product. Plaintiffs also object to this request to the extent it

17   calls for discovery from absent class members and/or documents not in the possession, custody,

18   or control of Plaintiffs. Plaintiffs also object to this request as vague, ambiguous, and overbroad.

19   Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

20   responsive documents in their possession, custody or control that were not produced by

21   Defendant or other parties in this litigation, to the extent such documents exist, at an appropriate

22   stage in the litigation.

23   **REQUEST NO. 15:**

24        All documents concerning the price each putative class member paid for ARV Drugs,

25   including, but not limited to, Norvir, Kaletra, Lexiva, Agenerase, and Reyataz.

26   **RESPONSE TO REQUEST NO. 15:**

27        In addition to their general objections, Plaintiffs object to this request on the grounds that

28   it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible

757045.1                                      - 13 -

1   evidence.  Plaintiffs specifically object to this request as overbroad in that it relates to drugs

2   outside of the relevant market.   Plaintiffs specifically object to this request as unduly

3   burdensome, harassing, and not calculated to lead to the discovery of admissible evidence to the

4   extent it seeks the production of information from the Class Representatives relating to drugs

5   other than Norvir and Kaletra, because, among other reasons, data of this kind from individual

6   market actors is not relevant to any claim or defense in this matter and because usable market-

7   wide information is available only from other sources, including Defendant's own documents and

8   transactional sales data, market wide sales and pricing data from other manufacturers, and

9   publicly and commercially available third-party databases.  Plaintiffs also object to this request on

10  the grounds that it prematurely calls for expert analysis and/or testimony. Plaintiffs also object to

11  this request to the extent it calls for discovery from absent class members and/or documents not in

12  the possession, custody, or control of Plaintiffs.  Subject to and without waiving such objections,

13  Plaintiffs will produce responsive, non-privileged documents sufficient to show the prices that the

14  proposed Class Representatives paid for Norvir and Kaletra.

15  **REQUEST NO. 16:**

16       All documents showing the terms and conditions of each putative class member's

17  purchase of such ARV Drugs.

18  **RESPONSE TO REQUEST NO. 16:**

19       In addition to their general objections, Plaintiffs object to this request on the grounds that

20  it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible

21  evidence. Plaintiffs also object to this request to the extent that it calls for discovery from absent

22  class members and/or documents not in the possession, custody, or control of Plaintiffs.  Plaintiffs

23  specifically object to this request as overbroad in that it relates to drugs outside of the relevant

24  market. Plaintiffs also object to this request as unduly burdensome, harassing, and not calculated

25  to lead to the discovery of admissible evidence to the extent it seeks the production of information

26  from the Class Representatives relating to drugs other than Norvir and Kaletra, because, among

27  other reasons, data of this kind from individual market actors is not relevant to any claim or

28  defense in this matter and because usable market-wide information is available only from other

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1    sources, including Defendant's own documents and transactional sales data, market wide sales

2    and pricing data from other manufacturers, and publicly and commercially available third-party

3    databases.  Subject to and without waiving such objections, Plaintiffs will produce responsive,

4    non-privileged documents sufficient to show the terms and conditions of the proposed Class

5    Representatives' purchases of Norvir and Kaletra.

6    **REQUEST NO. 17:**

7        All documents concerning the amount of any payments, co-payments, or reimbursements

8    received by, and any discounts given or rebates paid by, each putative class member in

9    connection with the sale of such ARV Drugs.

10   **RESPONSE TO REQUEST NO. 17:**

11       In addition to their general objections, Plaintiffs object to this request on the grounds that

12   it is vague and ambiguous.  Plaintiffs specifically object to this request as overbroad in that it

13   relates to drugs outside of the relevant market.  Plaintiffs also object to this request as unduly

14   burdensome, harassing, and not calculated to lead to the discovery of admissible evidence to the

15   extent it seeks the production of information from the Class Representatives relating to drugs

16   other than Norvir and Kaletra, because, among other reasons, data of this kind from individual

17   market actors is not relevant to any claim or defense in this matter and because usable market-

18   wide information is available only from other sources, including Defendant's own documents and

19   transactional sales data, market wide sales and pricing data from other manufacturers, and

20   publicly and commercially available third-party databases.  Plaintiffs also object to this request to

21   the extent it calls for discovery from absent class members and/or documents not in the

22   possession, custody, or control of Plaintiffs.  Furthermore, this request is objectionable on the

23   grounds that it requests documents or information concerning the resale of pharmaceutical

24   products below the manufacturer level, which are not relevant, nor reasonably calculated to lead

25   to the discovery of admissible evidence.  Because Plaintiffs have alleged an overcharge theory of

26   damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other

27   "downstream" information is not relevant to this case.

28

1    **REQUEST NO. 18:**

2          All documents sufficient to show the organizational structure and the names of employees

3    of the group, department, office, or division responsible for each putative class member's

4    purchasing and pricing decisions concerning such ARV Drugs.

5    **RESPONSE TO REQUEST NO. 18:**

6          In addition to their general objections, Plaintiffs object to this request as overbroad in that

7    it relates to drugs outside of the relevant market. Plaintiffs also object to this request to the extent

8    it calls for discovery from absent class members and/or documents not in the possession, custody,

9    or control of Plaintiffs. Subject to and without waiving such objections, Plaintiffs will produce

10   responsive, non-privileged documents in the possession, custody or control of the proposed Class

11   Representatives for the years 2003 to the present, to the extent such documents exist.

12   **REQUEST NO. 19:**

13         All documents discussing the price or cost of ARV Drugs since January 2003.

14   **RESPONSE TO REQUEST NO. 19:**

15         In addition to their general objections, Plaintiffs object to this request as unduly

16   burdensome and overbroad as it relates to drugs outside of the relevant market. Plaintiffs also

17   object to this request as unduly burdensome, harassing, and not calculated to lead to the discovery

18   of admissible evidence to the extent it seeks the production of information from the Class

19   Representatives relating to drugs other than Norvir and Kaletra, because, among other reasons,

20   data of this kind from individual market actors is not relevant to any claim or defense in this

21   matter and because usable market-wide information is available only from other sources,

22   including Defendant's own documents and transactional sales data, market wide sales and pricing

23   data from other manufacturers, and publicly and commercially available third-party databases.

24   Plaintiffs further object to the term "price or cost" as vague. This request is also objectionable on

25   the grounds that it requests documents or information concerning the resale of pharmaceutical

26   products below the manufacturer level, which are not relevant, nor reasonably calculated to lead

27   to the discovery of admissible evidence. Because Plaintiffs have alleged an overcharge theory of

28   damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other

- 16 -

1    "downstream" information is not relevant to this case.  Subject to and without waiving such

2    objections, Plaintiffs will produce responsive documents sufficient to show the proposed Class

3    Representatives' purchase price of Norvir and Kaletra during the relevant time frame.

4    **REQUEST NO. 20:**

5        All documents that substantiate or relate in any way to any damages you allegedly

6    suffered because of Abbott's acts or omissions and for which you are seeking recovery in this

7    action.

8    **RESPONSE TO REQUEST NO. 20:**

9        In addition to their general objections, Plaintiffs object to this request as premature

10   contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

11   prematurely and/or attorney work product.  Subject to and without waving the foregoing

12   objections, Plaintiffs will produce non-privileged, responsive documents in their possession,

13   custody or control that were not produced by Defendant or other parties in this litigation, to the

14   extent such documents exist, at an appropriate stage in the litigation.

15   **REQUEST NO. 21:**

16       All documents that substantiate or relate in any way to any damages that other Putative

17   Class members allegedly suffered because of Abbott's acts or omissions and for which you are

18   seeking recovery in this action.

19   **RESPONSE TO REQUEST NO. 21:**

20       In addition to their general objections, Plaintiffs object to this request as premature

21   contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

22   prematurely and/or attorney work product.  Plaintiffs also object to this request to the extent it

23   calls for discovery from absent class members and/or documents not in the possession, custody,

24   or control of Plaintiffs.  Plaintiffs also object to this request as vague, ambiguous, and overbroad.

25   Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

26   responsive documents in their possession, custody or control that were not produced by

27   Defendant or other parties in this litigation, to the extent such documents exist,  at an appropriate

28   stage in the litigation.

757045.1

- 17 -

1    **REQUEST NO. 22:**

2        All documents concerning patients or individual consumers who stopped buying Norvir

3    and a PI manufactured and/or marketed by an Abbott Competitor and started buying or were

4    forced to buy Kaletra after December 3, 2003 as a result, in whole or in part, of the Norvir price

5    increase.

6    **RESPONSE TO REQUEST NO. 22:**

7        In addition to their general objections, Plaintiffs object to this request on the grounds that

8    it is vague, ambiguous, overbroad, compound, unduly burdensome and calls for documents

9    equally accessible to Defendant and is thus harassing.  Plaintiffs further object to this request on

10   the grounds that it prematurely calls for expert analysis and/or testimony.  Plaintiffs also object to

11   this request to the extent it calls for patient or consumer specific information that is protected

12   from disclosure by state and federal privacy laws, including but not limited to the Health

13   Insurance Portability and Accountability Act.

14   **REQUEST NO. 23:**

15       All documents concerning physicians who stopped prescribing Norvir and a PI

16   manufactured and/or marketed by an Abbott Competitor and started prescribing or were forced to

17   prescribe Kaletra after December 3, 2003 as a result, in whole or in part, of the Norvir price

18   increase.

19   **RESPONSE TO REQUEST NO. 23:**

20       In addition to their general objections, Plaintiffs object to this request on the grounds that

21   it is vague, ambiguous, overbroad, compound, unduly burdensome and calls for documents

22   equally accessible to Defendant and is thus harassing.  Plaintiffs also object to this request on the

23   grounds that it calls for privileged attorney-client communications and attorney work product.

24   Plaintiffs also object to this request on the grounds that it prematurely calls for expert analysis

25   and/or testimony.  Subject to and without waiving the foregoing objections, Plaintiffs will

26   produce responsive, non-privileged documents, if any, in the possession, custody or control of the

27   proposed Class Representatives.

28

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1 | **REQUEST NO. 24:**

2 | All documents concerning any discounts or rebates provided by each putative class

3 | member to patients or individuals who have been prescribed ARV drugs, and any donations or

4 | contributions made by each putative class member to charitable or other organizations providing

5 | services to patients or individuals who have been prescribed ARV drugs.

6 | **RESPONSE TO REQUEST NO. 24:**

7 | In addition to their general objections, Plaintiffs object to this request on the grounds that

8 | it is ambiguous, compound, unduly burdensome, and is not reasonably calculated to lead to the

9 | discovery of admissible evidence. Plaintiffs also object to the terms "donations or contributions,"

10 | and "charitable or other organizations" as vague. Plaintiffs specifically object to this request as

11 | overbroad to the extent it encompasses drugs outside of the relevant market. Plaintiffs also object

12 | to this request insofar as it seeks improper and legally irrelevant downstream discovery. Plaintiffs

13 | also object to this request to the extent it calls for discovery from absent class members and/or

14 | documents not in the possession, custody, or control of Plaintiffs. This request is also

15 | objectionable on the grounds that it requests documents or information concerning the resale of

16 | pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably

17 | calculated to lead to the discovery of admissible evidence. Because Plaintiffs have alleged an

18 | overcharge theory of damages and are not seeking any damages relating to lost profits, any sales,

19 | profit, loss, or other "downstream" information is not relevant to this case.

20 | **REQUEST NO. 25:**

21 | All documents reflecting any additional costs incurred, by each putative class member or

22 | by the putative class as a whole, as a result or consequence of the Norvir price increase on

23 | December 3, 2003.

24 | **RESPONSE TO REQUEST NO. 25:**

25 | In addition to their general objections, Plaintiffs object to this request on the grounds that

26 | it is vague, ambiguous and overbroad, Plaintiffs also object to this request on the grounds that it

27 | calls for privileged attorney-client communications and attorney work product. Plaintiffs also

28 | object to this request on the grounds that it prematurely calls for expert analysis and/or testimony.

757045.1 | - 19 - | OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1     Plaintiffs also object to this request to the extent it calls for discovery from absent class members

2     and/or documents not in the possession, custody, or control of Plaintiffs. This request is also

3     objectionable on the grounds that it requests documents or information concerning the resale of

4     pharmaceutical products below the manufacturer level, which are not relevant, nor reasonably

5     calculated to lead to the discovery of admissible evidence. Because Plaintiffs have alleged an

6     overcharge theory of damages and are not seeking any damages relating to lost profits, any sales,

7     profit, loss, or other "downstream" information is not relevant to this case.

8     **REQUEST NO. 26:**

9     All documents reflecting communications concerning the increase in the price of Norvir.

10     **RESPONSE TO REQUEST NO. 26:**

11     In addition to their general objections, Plaintiffs object to this request as vague,

12     ambiguous and overbroad. Plaintiffs specifically object to this request to the extent it does not

13     identify between whom the request seeks communications. Subject to and without waiving

14     Plaintiffs' objections, Plaintiffs will produce responsive, non-privileged documents in the

15     possession, custody or control of the proposed Class Representatives, if any, excluding any

16     documents relating to Plaintiffs' sales thereof.

17     **REQUEST NO. 27:**

18     All documents concerning your allegations, contained throughout paragraphs 43 through

19     46 and elsewhere throughout your Complaint, that the relevant product markets are the "Boosting

20     Market" and "Boosted Market" (as defined in your Complaint), that the "Boosting Market"

21     consists of Norvir alone, and that the "Boosted Market" consists of Kaletra and a number of non-

22     Abbott PIs.

23     **RESPONSE TO REQUEST NO. 27:**

24     In addition to their general objections, Plaintiffs object to this request as premature

25     contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

26     prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

27     ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

28     will produce non-privileged, responsive documents in their possession, custody or control that

1  were not produced by Defendant or other parties in this litigation, to the extent such documents

2  exist, at an appropriate stage in the litigation.

3  **REQUEST NO. 28:**

4      All documents discussing or describing products that compete with, are substitutes for, or

5  can be prescribed in lieu of, Norvir and/or Kaletra.

6  **RESPONSE TO REQUEST NO. 28:**

7      In addition to their general objections, Plaintiffs object to this request as premature

8  contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

9  prematurely and/or attorney work product.  Plaintiffs also object to this request on the grounds

10  that it is vague, ambiguous, overbroad, compound and unduly burdensome.  Plaintiffs specifically

11  object to the terms "compete with" and "are substitutes for" as vague, ambiguous, and

12  misleading.  Subject to and without waiving the foregoing objections, Plaintiffs will produce non-

13  privileged, responsive documents in their possession, custody or control that were not produced

14  by Defendant or other parties in this litigation, to the extent such documents exist, at an

15  appropriate stage in the litigation.

16  **REQUEST NO. 29:**

17      All documents discussing or identifying the manufacturers and/or distributors of ARV

18  Drugs from whom each putative class member purchased or considered purchasing such drugs.

19  **RESPONSE TO REQUEST NO. 29:**

20      In addition to their general objections, Plaintiffs object to this request on the grounds that

21  it is vague, ambiguous, overbroad, and compound.  Plaintiffs specifically object to this request as

22  overbroad to the extent it relates to drugs outside of the relevant market.  Plaintiffs also object to

23  this request as unduly burdensome, harassing, and not calculated to lead to the discovery of

24  admissible evidence to the extent it seeks the production of information from the Class

25  Representatives relating to drugs other than Norvir and Kaletra, because, among other reasons,

26  data of this kind from individual market actors is not relevant to any claim or defense in this

27  matter and because usable market-wide information is available only from other sources,

28  including Defendant's own documents and transactional sales data, market wide sales and pricing

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1   data from other manufacturers, and publicly and commercially available third-party databases.

2   Plaintiffs also object to this request to the extent it calls for discovery from absent class members

3   and/or documents not in the possession, custody, or control of Plaintiffs.  Subject to and without

4   waiving Plaintiffs' objections, Plaintiffs will produce responsive, non-privileged documents

5   sufficient to show the identity of the manufacturers or distributors of Norvir and Kaletra which

6   each proposed Class Representative relies upon in asserting its claims.

7   **REQUEST NO. 30:**

8       All documents concerning Plaintiffs' decisions to purchase, sell, carry, or dispense or not

9   to purchase, sell, carry, or dispense any ARV Drug.

10   **RESPONSE TO REQUEST NO. 30:**

11       In addition to their general objections, Plaintiffs object to this request as overbroad to the

12   extent it relates to drugs outside of the relevant market.   This request is also objectionable on the

13   grounds that it requests documents or information concerning the resale of pharmaceutical

14   products below the manufacturer level, which are not relevant, nor reasonably calculated to lead

15   to the discovery of admissible evidence.  Because Plaintiffs have alleged an overcharge theory of

16   damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other

17   "downstream" information is not relevant to this case

18   **REQUEST NO. 31:**

19       All scientific or journal articles related to the efficacy, benefits, or side effects of ARV

20   drugs.

21   **RESPONSE TO REQUEST NO. 31:**

22       In addition to their general objections, Plaintiffs object to this request as it calls for

23   documents equally accessible to Defendant, including documents in the public domain, and is

24   thus harassing.  Plaintiffs also object to this request on the grounds that it prematurely calls for

25   expert analysis and/or testimony.   Plaintiffs further object to this request as overbroad to the

26   extent it relates to drugs outside of the relevant market.  Subject to the foregoing objections,

27   Plaintiffs will produce responsive, non-privileged documents in the possession, custody or control

28   of the proposed Class Representatives as they relate to Norvir or Kaletra.

1 **REQUEST NO. 32:**

2     All documents you may use to support your allegation that "Kaletra has significant side

3 effects."

4 **RESPONSE TO REQUEST NO. 32:**

5     In addition to their general objections, Plaintiffs object to this request as premature

6 contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

7 prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

8 ambiguous, and overbroad.  Plaintiffs object to this request as it calls for documents equally

9 accessible to Defendant, including documents in the public domain, and is thus harassing.

10 Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

11 responsive documents in their possession, custody or control that were not produced by

12 Defendant or other parties in this litigation, to the extent such documents exist, at an appropriate

13 stage in the litigation.

14 **REQUEST NO. 33:**

15     All documents relating to the safety, efficacy, or convenience of use by patients of any

16 ARV Drug, or relating to the relative safety, efficacy, or convenience of any such drugs.

17 **RESPONSE TO REQUEST NO. 33:**

18     In addition to their general objections, Plaintiffs object to this request to the extent it seeks

19 expert analysis prematurely and/or attorney work product. Plaintiffs further object to this request

20 on the grounds that it is vague, ambiguous, compound, unduly burdensome, and is not reasonably

21 calculated to lead to the discovery of admissible evidence, and calls for documents equally

22 accessible to Defendant and is thus harassing.  Plaintiffs specifically object to this request as

23 overbroad to the extent it relates to drugs outside of the relevant market.

24 **REQUEST NO. 34:**

25     All documents relating to the market shares and potential market shares of the products in

26 the Boosted Market and the Boosting Market.

27 **RESPONSE TO REQUEST NO. 34:**

28     In addition to their general objections, Plaintiffs object to this request as premature

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S FIRST SET OF REQUESTS FOR PRODUCTION CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1  contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

2  prematurely and/or attorney work product.  Plaintiffs object to this request on the grounds that it

3  is vague, ambiguous, overbroad, compound, unduly burdensome, and is not reasonably calculated

4  to lead to the discovery of admissible evidence, and calls for documents equally accessible to

5  Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

6  responsive documents in their possession, custody or control that were not produced by

7  Defendant or other parties in this litigation, to the extent such documents exist,  at an appropriate

8  stage in the litigation.

9  **REQUEST NO. 35:**

10       All documents related to the sales and projected sales figures of ARV Drugs, including

11  documents you may use to support your alleged cumulative and projected sales figures for

12  Kaletra, as stated in paragraphs 22-23 of your Complaint.

13  **RESPONSE TO REQUEST NO. 35:**

14       In addition to their general objections, Plaintiffs object to this request as premature

15  contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

16  prematurely and/or attorney work product.  Plaintiffs object to this request vague, ambiguous, as

17  well as overbroad to the extent it calls for documents related to drugs outside of the relevant

18  market.  This request is also objectionable on the grounds that it requests documents or

19  information concerning the resale of pharmaceutical products below the manufacturer level,

20  which are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

21  Because Plaintiffs have alleged an overcharge theory of damages and are not seeking any

22  damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not

23  relevant to this case.   Subject to and without waiving the foregoing objections, Plaintiffs will

24  produce non-privileged, responsive documents in their possession, custody or control that were

25  not produced by Defendant or other parties in this litigation, to the extent such documents exist,

26  at an appropriate stage in the litigation.

27  **REQUEST NO. 36:**

28       All documents that you may use to support your allegation that Kaletra prescriptions

757045.1

- 24 -

1     "began to decline" by the October 2003.

2     **RESPONSE TO REQUEST NO. 36:**

3         In addition to their general objections, Plaintiffs object to this request as premature

4     contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

5     prematurely and/or attorney work product. Plaintiffs also object to this request as overbroad.

6     Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

7     responsive documents in their possession, custody or control that were not produced by

8     Defendant or other parties in this litigation, to the extent such documents exist, at an appropriate

9     stage in the litigation.

10     **REQUEST NO. 37:**

11         All documents that you may use to support your allegation in paragraph 23 of your

12     Complaint that "[b]eginning in the second half of 2003, both Reyataz and Lexiva began to make

13     steady inroads into Kaletra's share of the Boosted Market."

14     **RESPONSE TO REQUEST NO. 37:**

15         In addition to their general objections, Plaintiffs object to this request as premature

16     contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

17     prematurely and/or attorney work product. Plaintiffs also object to this request as overbroad.

18     Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged,

19     responsive documents in their possession, custody or control that were not produced by

20     Defendant or other parties in this litigation, to the extent such documents exist, at an appropriate

21     stage in the litigation.

22     **REQUEST NO. 38:**

23         All documents sufficient to show sales by Plaintiffs of any ARV Drugs, by dosage and

24     delivery, since January 2003.

25     **RESPONSE TO REQUEST NO. 38:**

26         In addition to their general objections, Plaintiffs object to this request as vague,

27     ambiguous, as well as overbroad to the extent it relates to drugs outside of the relevant market.

28     This request is also objectionable on the grounds that it requests documents or information

1   concerning the resale of pharmaceutical products below the manufacturer level, which are not

2   relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Because

3   Plaintiffs have alleged an overcharge theory of damages and are not seeking any damages relating

4   to lost profits, any sales, profit, loss, or other "downstream" information is not relevant to this

5   case.

6   **REQUEST NO. 39:**

7       All documents concerning your allegations, contained in paragraphs 19 through 42 and

8   elsewhere throughout your Complaint, that Abbott engaged in anticompetitive conduct.

9   **RESPONSE TO REQUEST NO. 39:**

10      In addition to their general objections, Plaintiffs object to this request as premature

11  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

12  prematurely and/or attorney work product. Plaintiffs also object to this request on the grounds

13  that it is vague, ambiguous, overbroad, compound, unduly burdensome, and is not reasonably

14  calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the term

15  "engaged in anticompetitive conduct" as vague, ambiguous, and overly broad. Subject to and

16  without waiving the foregoing objections, Plaintiffs will produce non-privileged, responsive

17  documents in their possession, custody or control that were not produced by Defendant or other

18  parties in this litigation, to the extent such documents exist, at an appropriate stage in the

19  litigation.

20  **REQUEST NO. 40:**

21      All documents supporting your allegation that Abbott engaged in predatory or

22  anticompetitive activities.

23  **RESPONSE TO REQUEST NO. 40:**

24      In addition to their general objections, Plaintiffs object to this request as premature

25  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

26  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

27  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

28  will produce non-privileged, responsive documents in their possession, custody or control that

1    were not produced by Defendant or other parties in this litigation, to the extent such documents

2    exist, at an appropriate stage in the litigation.

3    **REQUEST NO. 41:**

4        All documents supporting your allegation in paragraph 20 of the Complaint that "Abbott

5    came to realize that Kaletra's domination of the Boosted Market would soon be challenged by

6    new Boosted-PIs that were then expected to be coming to market imminently."

7    **RESPONSE TO REQUEST NO. 41:**

8        In addition to their general objections, Plaintiffs object to this request as premature

9    contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

10   prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

11   ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

12   will produce non-privileged, responsive documents in their possession, custody or control that

13   were not produced by Defendant or other parties in this litigation, to the extent such documents

14   exist, at an appropriate stage in the litigation.

15   **REQUEST NO. 42:**

16       All documents supporting your allegation in paragraph 21 of the Complaint that "[d]uring

17   2002 (or earlier), Abbott became increasingly concerned about the competitive thereat to Kaletra

18   posed by soon-to-be-introduced Boosted-PIs, and began to formulate plans to thwart the impact

19   on Kaletra of those new products."

20

21

22

23

24

25

26

27

28

757045.1

1  **RESPONSE TO REQUEST NO. 42:**

2          In addition to their general objections, Plaintiffs object to this request as premature

3  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

4  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

5  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

6  will produce non-privileged, responsive documents in their possession, custody or control that

7  were not produced by Defendant or other parties in this litigation, to the extent such documents

8  exist, at an appropriate stage in the litigation.

9  **REQUEST NO. 43:**

10         All documents you may rely on to support your allegation in paragraph 33 of your

11  Complaint that "internal Abbott documents state Abbott's intentions: the huge price increase for

12  the PI-Boosting drug, Norvir, could be effectively leveraged to insulate Kaletra from competition

13  in the separate Boosted Market."

14  **RESPONSE TO REQUEST NO. 43:**

15         In addition to their general objections, Plaintiffs object to this request as premature

16  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

17  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

18  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

19  will produce non-privileged, responsive documents in their possession, custody or control that

20  were not produced by Defendant or other parties in this litigation, to the extent such documents

21  exist, at an appropriate stage in the litigation.

22  **REQUEST NO. 44:**

23         All documents you may rely on to support your allegation in paragraph 36 of your

24  Complaint that "in reliance on the expectation that Abbott would act in good-faith, and because

25  Abbott concealed its strategy to reduce Norvir's availability and/or dramatically raise its prices,

26  GSK and other PI manufacturers materially delayed developing, testing, and/or launching other

27  potential Boosted-PIs that could be effective with substantially less Norvir (and thus be less

28  susceptible to impairment by a Norvir price increase) or could be used with another PI-Boosting

757045.1                                          - 28 -        OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
                                                               FIRST SET OF REQUESTS FOR PRODUCTION
                                                               CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1    drug entirely, *i.e.*, not Norvir."

2    **RESPONSE TO REQUEST NO. 44:**

3          In addition to their general objections, Plaintiffs object to this request as premature

4    contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

5    prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

6    ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

7    will produce non-privileged, responsive documents in their possession, custody or control that

8    were not produced by Defendant or other parties in this litigation, to the extent such documents

9    exist, at an appropriate stage in the litigation.

10   **REQUEST NO. 45:**

11         All documents you may rely on to support your allegation in paragraph 37 of the

12   Complaint that "[h]ad GSK and other competitors known that Abbott was planning to

13   substantially reduce Norvir's availability (either by raising its prices to prohibitive levels or

14   pulling it from the market entirely), GSK and other competitors would not have delayed or

15   postponed efforts to develop alternative Boosted-PI drugs that did not depend upon using 200 mg

16   of the Norvir product as a PI-Boosting drug."

17   **RESPONSE TO REQUEST NO. 45:**

18         In addition to their general objections, Plaintiffs object to this request as premature

19   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

20   prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

21   ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

22   will produce non-privileged, responsive documents in their possession, custody or control that

23   were not produced by Defendant or other parties in this litigation, to the extent such documents

24   exist, at an appropriate stage in the litigation.

25   **REQUEST NO. 46:**

26         All documents discussing the availability of Norvir or the ability of any putative class

27   member to obtain supplies of Norvir, including, but not limited to, any supply contracts or

28   agreements for Norvir between a putative class member and Abbott.

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1  **RESPONSE TO REQUEST NO. 46:**

2       In addition to their general objections, Plaintiffs object to this request on the grounds that

3  it is vague, ambiguous, overbroad, compound, unduly burdensome, is not reasonably calculated to

4  lead to the discovery of admissible evidence, and calls for documents equally accessible to

5  Defendant and is thus harassing.  Plaintiffs also object to this request to the extent it calls for

6  discovery from absent class members and/or documents not in the possession, custody, or control

7  of Plaintiffs.  Subject to and without waiving these objections, Plaintiffs will produce responsive,

8  non-privileged documents from the files of the proposed Class Representatives, if any, relating to

9  Norvir and Kaletra.

10 **REQUEST NO. 47:**

11      All documents relating to whether Abbott sells Norvir, Kaletra, or any component of

12 Norvir of Kaletra at below any measure of cost (*e.g.* average total costs, average variable costs,

13 etc.).

14 **RESPONSE TO REQUEST NO. 47:**

15      In addition to their general objections, Plaintiffs object to this request as premature

16 contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

17 prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

18 ambiguous, and overbroad.   Plaintiffs object to the terms "any measure of cost," "average total

19 costs" and "average variable costs" as vague and ambiguous.  Subject to and without waiving the

20 foregoing objections, Plaintiffs will produce non-privileged, responsive documents in their

21 possession, custody or control that were not produced by Defendant or other parties in this

22 litigation, to the extent such documents exist,  at an appropriate stage in the litigation.

23 **REQUEST NO. 48:**

24      All documents you may rely on to support your allegation in paragraph 41 of your

25 Complaint that "[o]n information and belief: (a) if the penalty a purchaser would pay on the

26 required dosage of Norvir for buying a Boosted-PI from a supplier other than Abbott were

27 subtracted from the imputed price of the Boosted-PI portion of Kaeltra, then the resulting price

28 would be below Abbott's average variable costs relating to the Boosted-PI portion or Kaeltra and

757045.1                                       - 30 -

1   (b) if Abbott had to pay its own market price for the ritonavir/Norvir that goes into Kaeltra,

2   Abbott's selling Kaeltra at its current market price would not be profitable."

3   **RESPONSE TO REQUEST NO. 48:**

4         In addition to their general objections, Plaintiffs object to this request as premature

5   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

6   prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

7   ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

8   will produce non-privileged, responsive documents in their possession, custody or control that

9   were not produced by Defendant or other parties in this litigation, to the extent such documents

10  exist, at an appropriate stage in the litigation.

11  **REQUEST NO. 49:**

12        All communications by each putative class member with federal, state, or local

13  government agencies (*e.g.* attorneys general's offices, FTC, NIH, FDA, DHHS, DOJ),

14  employees, or elected officials (*e.g.* members of Congress or state legislatures) concerning Abbott

15  or the pricing of Norvir or Kaeltra.

16  **RESPONSE TO REQUEST NO. 49:**

17        In addition to their general objections, Plaintiffs object to this request on the grounds that

18  it is vague, ambiguous, overbroad, compound, unduly burdensome, and is not reasonably

19  calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request as

20  overbroad insofar as it calls for communications concerning Abbott without further qualification.

21  Plaintiffs also object to this request on the grounds that it calls for privileged attorney-client

22  communications and attorney work product, and any privileges applicable to communications

23  with the government. Plaintiffs also object to this request to the extent it calls for discovery from

24  absent class members and/or documents not in the possession, custody, or control of Plaintiffs.

25  **REQUEST NO. 50:**

26        All communications by each putative class member with any television or newspaper

27  reporters or employees concerning Abbott or the pricing of Norvir.

28

- 31 -

1    **RESPONSE TO REQUEST NO. 50:**

2            In addition to their general objections, Plaintiffs object to this request on the grounds that

3    it is vague, ambiguous, overbroad, compound, unduly burdensome, and is not reasonably

4    calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request on

5    the grounds that it calls for privileged attorney-client communications and attorney work product,

6    and any privileges applicable to communications with the government. Plaintiffs also object to

7    this request to the extent it calls for discovery from absent class members and/or documents not in

8    the possession, custody, or control of Plaintiffs. Plaintiffs also object to this request as overbroad

9    insofar as it calls for communications concerning Abbott without further qualification. Subject to

10   and without waiving these objections, Plaintiffs will produce responsive, non-privileged

11   documents reflecting communications between proposed Class Representatives and television or

12   newspaper reporters related to the Plaintiffs' purchase price of Norvir or Kaletra.

13   **REQUEST NO. 51:**

14           To the extent not covered by a more specific request, all correspondence with Abbott

15   concerning Norvir or Kaletra.

16   **RESPONSE TO REQUEST NO. 51:**

17           In addition to their general objections, Plaintiffs object to this request on the grounds that

18   it is vague, ambiguous, overbroad, compound, unduly burdensome, is not reasonably calculated to

19   lead to the discovery of admissible evidence, and calls for documents equally accessible to

20   Defendant and is thus harassing. Plaintiffs also object to the term "correspondence with Abbott"

21   as vague and ambiguous in failing to define with whom Abbott corresponded. Subject to and

22   without waiving these objections, Plaintiffs will produce responsive, non-privileged

23   correspondence between proposed Class Representatives and Abbott related to Norvir or Kaletra

24   above the transactional level, excluding Plaintiffs' sales thereof.

25   **REQUEST NO. 52:**

26           To the extent not covered by a more specific request, all correspondence with any third-

27   party concerning Norvir or Kaletra.

28

757045.1                                    - 32 -

1  **RESPONSE TO REQUEST NO. 52:**

2        In addition to their general objections, Plaintiffs object to this request on the grounds that

3  it is vague, ambiguous, overbroad, compound, unduly burdensome, is not reasonably calculated to

4  lead to the discovery of admissible evidence, and is harassing.  Plaintiffs also object to this

5  request to the extent it calls for discovery from absent class members and/or documents not in the

6  possession, custody or control of Plaintiffs.  Furthermore, this request is objectionable on the

7  grounds that it requests documents or information concerning the resale of pharmaceutical

8  products below the manufacturer level, which are not relevant, nor reasonably calculated to lead

9  to the discovery of admissible evidence.  Because Plaintiffs have alleged an overcharge theory of

10 damages and are not seeking any damages relating to lost profits, any sales, profit, loss, or other

11 "downstream" information is not relevant to this case.  Subject to and without waiving these

12 objections, Plaintiffs will produce, non-priviliged responsive correspondence between the

13 proposed Class Representatives and any third-party related to Norvir or Kaletra above the

14 transactional level, excluding Plaintiffs' sales thereof.

15 **REQUEST NO. 53:**

16       All documents concerning your allegations, contained in paragraphs 57 through 67 and

17 elsewhere throughout your Complaint, that Abbott has monopolized or attempted to monopolize

18 the "Boosted Market," as defined in your Complaint.

19 **RESPONSE TO REQUEST NO. 53:**

20       In addition to their general objections, Plaintiffs object to this request as premature

21 contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

22 prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

23 ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

24 will produce non-privileged, responsive documents in their possession, custody or control that

25 were not produced by Defendant or other parties in this litigation, to the extent such documents

26 exist,  at an appropriate stage in the litigation.

27 **REQUEST NO. 54:**

28       All documents you may rely on to support your allegation that "Abbott has willfully

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1  maintained its monopoly power in the Boosted Market through exclusionary and anticompetitive

2  means."

3  **RESPONSE TO REQUEST NO. 54:**

4      In addition to their general objections, Plaintiffs object to this request as premature

5  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

6  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

7  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

8  will produce non-privileged, responsive documents in their possession, custody or control that

9  were not produced by Defendant or other parties in this litigation, to the extent such documents

10  exist, at an appropriate stage in the litigation.

11  **REQUEST NO. 55:**

12      All documents you may rely on to support your allegation that Abbott has had "a

13  dangerous probability of achieving monopoly power in the Boosted Market."

14  **RESPONSE TO REQUEST NO. 55:**

15      In addition to their general objections, Plaintiffs object to this request as premature

16  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

17  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

18  ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

19  will produce non-privileged, responsive documents in their possession, custody or control that

20  were not produced by Defendant or other parties in this litigation, to the extent such documents

21  exist, at an appropriate stage in the litigation.

22  **REQUEST NO. 56:**

23      All documents you may rely on to support your allegation that "Abbott has had the

24  specific intent to monopolize the Boosted Market."

25  **RESPONSE TO REQUEST NO. 56:**

26      In addition to their general objections, Plaintiffs object to this request as premature

27  contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

28  prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

1   ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

2   will produce non-privileged, responsive documents in their possession, custody or control that

3   were not produced by Defendant or other parties in this litigation, to the extent such documents

4   exist,  at an appropriate stage in the litigation.

5   **REQUEST NO. 57:**

6        All documents you may rely on to support your allegation that Abbott had "no

7   procompetitive justification for [its] conduct" in monopolizing or attempting to monopolize the

8   Boosted Market.

9   **RESPONSE TO REQUEST NO. 57:**

10       In addition to their general objections, Plaintiffs object to this request as premature

11  contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

12  prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

13  ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

14  will produce non-privileged, responsive documents in their possession, custody or control that

15  were not produced by Defendant or other parties in this litigation, to the extent such documents

16  exist,  at an appropriate stage in the litigation.

17  **REQUEST NO. 58:**

18       All documents concerning your allegations, contained in paragraphs 68 through 71 and

19  elsewhere throughout your Complaint, that Abbott has monopolized the "Boosting Market," as

20  defined in your Complaint.

21

22

23

24

25

26

27

28

1    **RESPONSE TO REQUEST NO. 58:**

2           In addition to their general objections, Plaintiffs object to this request as premature

3    contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

4    prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

5    ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Plaintiffs

6    will produce non-privileged, responsive documents in their possession, custody or control that

7    were not produced by Defendant or other parties in this litigation, to the extent such documents

8    exist, at an appropriate stage in the litigation.

9    **REQUEST NO. 59:**

10          All documents you may rely on to support your allegations that "Abbott has willfully

11   enhanced and maintained its monopoly power in the Boosting Market through exclusionary and

12   anticompetitive means."

13   **RESPONSE TO REQUEST NO. 59:**

14          In addition to their general objections, Plaintiffs object to this request as premature

15   contention discovery. Plaintiffs further object to this request to the extent it seeks expert analysis

16   prematurely and/or attorney work product. Plaintiffs also object to this request as vague,

17   ambiguous, and overbroad. In addition to their general objections, Plaintiffs object to this request

18   as premature contention discovery. Subject to and without waiving the foregoing objections,

19   Plaintiffs will produce non-privileged, responsive documents in their possession, custody or

20   control that were not produced by Defendant or other parties in this litigation, to the extent such

21   documents exist, at an appropriate stage in the litigation.

22   **REQUEST NO. 60:**

23          All documents you may rely on to support your allegation that "Abbott induced

24   competitors in the Boosted Market to rely upon Norvir."

25

26

27

28

757045.1

1 | **RESPONSE TO REQUEST NO. 60:**

2 |      In addition to their general objections, Plaintiffs object to this request as premature

3 | contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

4 | prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

5 | ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

6 | will produce non-privileged, responsive documents in their possession, custody or control that

7 | were not produced by Defendant or other parties in this litigation, to the extent such documents

8 | exist,  at an appropriate stage in the litigation.

9 | **REQUEST NO. 61:**

10 |      All documents you may rely on to support your allegations that "Abbott deceptively

11 | induced rivals to forego developmental alternatives and instead standardize around the use of

12 | Norvir for boosting purposes."

13 | **RESPONSE TO REQUEST NO. 61:**

14 |      In addition to their general objections, Plaintiffs object to this request as premature

15 | contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

16 | prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

17 | ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

18 | will produce non-privileged, responsive documents in their possession, custody or control that

19 | were not produced by Defendant or other parties in this litigation, to the extent such documents

20 | exist,  at an appropriate stage in the litigation.

21 | **REQUEST NO. 62:**

22 |      All documents you may rely on to support your allegation that Abbott had "no

23 | procompetitive justification for [its] conduct" in monopolizing or attempting to monopolize the

24 | Boosting Market.

25 |

26 |

27 |

28 |

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW

1    **RESPONSE TO REQUEST NO. 62:**

2        In addition to their general objections, Plaintiffs object to this request as premature

3    contention discovery.  Plaintiffs further object to this request to the extent it seeks expert analysis

4    prematurely and/or attorney work product.  Plaintiffs also object to this request as vague,

5    ambiguous, and overbroad.  Subject to and without waiving the foregoing objections, Plaintiffs

6    will produce non-privileged, responsive documents at an appropriate stage in the litigation.

7    **REQUEST NO. 63:**

8        All documents relating to the Abbott Patents, including but not limited to documents that

9    discuss the scope, meaning, and/or interpretation of such patents or any claims therein.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

757045.1

1    **RESPONSE TO REQUEST NO. 63:**

2          In addition to their general objections, Plaintiffs object to this request on the grounds that

3    it is vague, ambiguous, overbroad, compound, unduly burdensome, and is not reasonably

4    calculated to lead to the discovery of admissible evidence.   Plaintiffs also object to this request

5    on the grounds that it calls for privileged attorney-client communications and attorney work

6    product.  Plaintiffs also object to this request on the grounds that it prematurely calls for expert

7    analysis and/or testimony.   Subject to and without waiving the foregoing objections, Plaintiffs

8    will produce responsive, non-privileged documents in Plaintiffs' possession, custody or control

9    that were not produced by Defendant or other parties in this litigation, to the extent such

10   documents exist.

11

12   Dated:  April 7, 2008                            BERGER & MONTAGUE, P.C.

13                                                    By: _Eric L. Cramer /PCB_____

14                                                    Daniel Berger
                                                      danberger@bm.net
15                                                    Eric L. Cramer (*Pro Hac Vice*)
                                                      ecramer@bm.net
16                                                    David F. Sorensen
                                                      dsorensen@bm.net
17                                                    1622 Locust Street
                                                      Philadelphia, PA 19103
18                                                    Telephone:    (215) 875-3000
                                                      Facsimile:    (215) 875-4604

19                                                    *Counsel for Plaintiff Rochester Drug Cooperative, Inc.*

20

21                                                    GARWIN GERSTEIN & FISHER, LLP
                                                      Bruce E. Gerstein (*Pro Hac Vice*)
22                                                    bgerstein@garwingerstein.com
                                                      Noah H. Silverman (*Pro Hac Vice*)
23                                                    nsilverman@garwingerstein.com
                                                      1501 Broadway, Suite 1416
24                                                    New York, New York 10036
                                                      Tel: (212) 398-0055
25                                                    Fax: (212) 764-6620

26                                                    *Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

27

28

757045.1                                 - 39 -

1

2    KAPLAN FOX & KILSHEIMER LLP
     Linda Nussbaum (*Pro Hac Vice*)
     *lnussbaum@kaplanfox.com*
3    John Radice (*Pro Hac Vice*)
     jradice@kaplanfox.com
4    850 Third Avenue
     New York, NY 10022
5    Tel: (212) 687-1980
     Fax: (212) 687-7714
6
     *Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution,*
7    *Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

757045.1

OBJECTIONS OF PLAINTIFFS TO ABBOTT LAB'S
FIRST SET OF REQUESTS FOR PRODUCTION
CASE NOS. C 07-5985 CW; C 07-6010 CW; C 07-6118 CW