1  Joseph R. Saveri (SBN 130064)
   jsaveri@lchb.com
2  Eric B. Fastiff (SBN 182260)
   efastiff@lchb.com
3  Brendan Glackin (SBN 199643)
   bglackin@lchb.com
4  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
5  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
6  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
7
   *Attorneys for Direct Purchaser Class Plaintiffs*
8  *Rochester Drug Co-Operative, Inc.*

9  [Additional Counsel Listed on Signature Page]

10                UNITED STATES DISTRICT COURT
11                NORTHERN DISTRICT OF CALIFORNIA
12                      (OAKLAND DIVISION)
13

14 | MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated, | Case No. C 07-5985 CW |
|---|---|
| Plaintiffs, | **DIRECT PURCHASER CLASS PLAINTIFFS' MEMORANDUM OF LAW SUPPORTING UNOPPOSED MOTION FOR ENTRY OF PROPOSED PRETRIAL ORDER NO. 1 AND DESIGNATION OF CLASS COUNSEL UNDER FED.R.CIV.P. 23(g)** |
| v. | |
| ABBOTT LABORATORIES, | |
| Defendant. | |
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, | Case No. C 07-6010 CW |
| Plaintiff, | **Hon. Claudia Wilken** |
| v. | |
| ABBOTT LABORATORIES, | |
| Defendant. | |
| --[*caption continues on next page*]-- | |

766539.1

| | |
|---|---|
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6118 CW<br><br>**Hon. Claudia Wilken** |

Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (collectively, "Meijer"), Rochester Drug Co-operative, Inc. ("RDC") and Louisiana Wholesale Drug Co., Inc. ("LWD") (collectively with RDC and Meijer, "Direct Purchaser Class Plaintiffs" or "Plaintiffs") respectfully move for entry of the proposed Pretrial Order No. 1, attached hereto as Exhibit 1, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and the *Manual on Complex Litigation (Fourth)* (the "*Manual*"), and for the reasons set forth herein. Plaintiffs also hereby supplement their pending Notice of Motion and Motion for Class Certification, filed May 5, 2008, to the extent that they request that if the motion is granted the Court adopt the organization of Class Counsel set forth herein. (*See id.* at 14, indicating forthcoming supplementation of papers.) In sum, Plaintiffs request that the Court (i) enter Pretrial Order No. 1, consolidating the cases and establishing an interim organization of class counsel, and (ii) if the class is certified, adopt the same organization of class counsel on a permanent basis.

Counsel for Plaintiffs have met and conferred with counsel for defendant, Abbott Laboratories, Inc. ("Abbott" or "Defendant"). Counsel for Abbott does not oppose entry of proposed Pretrial Order No. 1 and does not oppose the proposed organizational structure in the event the class is certified.[1]

---

[1] To be clear, Abbott currently intends to oppose class certification; its agreement not to oppose this motion is confined to whom should be appointed counsel *ad interim* and if the class is certified. Nothing in this motion or the proposed Pretrial Order No. 1 shall be construed as an admission of any sort on behalf of Abbott, which reserves all of its rights.

## I. INTRODUCTION: PROCEDURAL HISTORY

On November 27, 2007, Meijer, Inc. and Meijer Distribution, Inc. filed an antitrust complaint on behalf of itself and a proposed class of direct purchasers of the brand name drug Norvir (the "Meijer complaint"). On that same day, RDC filed a separate antitrust complaint on behalf of itself and a proposed class of direct purchasers of Norvir (the "RDC complaint"). On December 3, 2007, Louisiana Wholesale Drug Company, Inc., filed a third antitrust complaint on behalf of a proposed class of direct purchasers of Norvir (the "LWD complaint").

Plaintiffs are direct purchasers (or assignees of direct purchasers) of Norvir and Kaletra from defendant Abbott. Abbott manufactures Norvir, a protease inhibitor used to treat HIV by boosting the therapeutic effects of other protease inhibitors. Abbott also produces Kaletra, a combination drug consisting of the active ingredient in Norvir (ritonavir) and another Abbott protease inhibitor with the chemical name lopinavir. Lopinavir is a PI that is boosted by ritonavir. This case is about Abbott's alleged abuse of its monopoly power to impair rivals and artificially inflate prices to Plaintiffs and the proposed class of direct purchasers that Plaintiffs seek to represent. Each complaint seeks treble damages on behalf of a proposed class of direct purchasers of Norvir and/or Kaletra, who were allegedly overcharged due to Abbott's unlawful conduct.

## II. ARGUMENT

### A. Rule 23(g) Places A Premium On Experience, Knowledge And Resources In The Selection Of Class Counsel.

Plaintiffs' proposed class leadership structure – which effectively formalizes the organization of class counsel that has efficiently run this case from the beginning – comports with the requirements of Rule 23(g) when certifying a class. Fed. R. Civ. P. 23(g)(1). Class counsel must "fairly and adequately represent the interests of the class." *In re Rubber Chems. Antitrust Litig.*, 232 F.R.D. 346, 355 (N.D. Cal. 2005). The goal of the Court in considering whom should be appointed class counsel is to determine who will best represent the interests of the class, and who will be able to accomplish the goals of efficiency and economy in so doing. *See Coleman P. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004), *see also Manual*

§ 10.221 (2004).[2] Where, as here, there are multiple proposed class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, Civ. A. No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

In selecting class counsel, the Court should consider the following factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). No single factor is determinative; all factors should be considered. *Advisory Committee Notes* (2003 Amendments). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii). The most common approach to the selection of class counsel is so-called "private ordering," in which Plaintiffs' counsel agree on which of them should serve as class counsel. *Manual*, § 21.272. All factors support Plaintiffs' proposal here.

**B.     The Court Should Enter Pretrial Order No. 1**

This Court should enter Proposed Pretrial Order No. 1, which provides for the coordination of the related direct purchaser class actions and the establishment of an organizational structure of Plaintiffs' counsel that includes three Co-Lead Counsel and an Executive Committee that includes two additional firms. By establishing a method by which to deal with related actions and designating a certain and efficient organization of Plaintiffs' counsel, entry of this Order will facilitate the orderly advancement of the litigation and result in a substantial time savings for the parties and the Court. Pretrial Order No. 1 thus comports with the *Manual's* recommendations for the management of complex litigation. *See Manual* §§ 10.123, 10.22, 10.221.

---

[2] The Court may also appoint interim counsel pending class certification. *See* Fed. R. Civ. P. 23(g)(3).

Proposed Pretrial Order No. 1 contains mechanisms to streamline the prosecution of this case. It consolidates all of the related direct purchaser class cases that have been filed in this Court to date (PTO No. 1 § I, ¶¶ 1-2), and provides a mechanism that automatically consolidates any later-filed complaints with related subject matter, and provide a method for noticing counsel in the related matter, and for objecting to such consolidation (*id.* ¶ 5). Proposed Pretrial Order No. 1 also organizes Plaintiffs' counsel. (PTO No. 1 § II.)

As the *Manual for Complex Litigation* recognizes, in complex, resource-intensive cases such as this, a multi-firm structure may best serve the propose class. *See Manual*, § 10.221. The *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340 (2002), likewise states that a "court should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." *Id.* at 417 (footnote omitted).

Pretrial Order No. 1 also complies with the criteria for appointment of Class Counsel set out in Federal Rule of Civil Procedure 23(g). The firms designated as Co-Lead Counsel in proposed Pretrial Order No. 1 – Berger & Montague, P.C. ("B&M"), Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox"), and Garwin Gerstein & Fisher, LLP ("GGF") – clearly satisfy the applicable criteria for Class Counsel.[3] B&M, Kaplan Fox, and GGF are three of the preeminent antitrust class action firms in the United States. B&M, Kaplan Fox, and GGF each have decades of experience litigating some of the nation's most complicated antitrust cases and recovering billions of dollars in damages for class members, and each has successfully served as lead counsel in other direct purchaser pharmaceutical antitrust class actions. Furthermore, proposed Co-Lead Counsel have not only worked to identify and investigate the potential claims here, but they have aggressively and efficiently prosecuted this case for over six months. In addition, the propose Co-Leads are experienced in handling class action, complex, and antitrust

---

[3] Information about these firms, and their experience in class action antitrust litigation, is available on the firms' websites: www.bergermontague.com, http://www.kaplanfox.com, and www.garwingerstein.com. Full firm resumes are attached as Exhibits 2, 3 & 4.

litigation; possess in-depth knowledge of the applicable law; and have adequate resources to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A). Moreover, insofar as they have already been coordinating case prosecution for the last six months, Proposed Co-Lead Counsel in this case have already demonstrated their ability to work together efficiently and effectively in a manner that best serves the Court and the class. Plaintiffs briefly describe the resumes of each of the proposed co-lead counsel below:

### 1. Berger & Montague, P.C.

Berger & Montague, P.C. has practiced complex and class action litigation from its Center City Philadelphia office for over 35 years. *Chambers USA America's Leading Lawyers for Business* has named Berger & Montague, P.C. "the top choice [in Pennsylvania] for plaintiff antitrust representation, particularly in complex class actions," and has repeatedly ranked the firm as one of the premier antitrust practices in Pennsylvania.[4] Currently, the firm consists of 60 lawyers, approximately half of whom focus on antitrust litigation, and numerous experienced paralegals and support staff. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly antitrust cases.

B&M has specific experience in pharmaceutical antitrust cases, and is currently co-lead counsel in the following pending pharmaceutical antitrust cases:

> *In re DDAVP Direct Purchaser Antitrust Litigation*, No. 05-CV-2237 (S.D.N.Y.);
>
> *In re K-Dur Antitrust Litigation*, No. 01-1652 (D.N.J.);
>
> *In re Metopolol Succinate Direct Purchaser Antitrust Litigation*, No. 06-52 (D. Del.);
>
> *In re Oxycontin Antitrust Litigation*, No. 04 MDL 1603 (S.D.N.Y.);
>
> *In re Plavix Direct Purchaser Antitrust Litigation*, No. 06-cv-202 (S.D. Ohio).

---

[4] *See* http://www.chambersandpartners.com/usa/resultseditorial.aspx?cid=433&pid=363&solbar=1&grouptype=1

In addition, B&M has taken a leadership role or served on the plaintiffs' Executive Committee in the following pharmaceutical antitrust cases:

> *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220 million settlement);
>
> *In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass.) ($175 million settlement);
>
> *In re Remeron Antitrust Litigation*, No. 02-cv-02007-FSH-PS (D.N.J.) ($75 million settlement);
>
> *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278, MDL No. 1278 (E.D. Mich.) ($110 million settlement);
>
> *North Shore Hematology-Oncology Assoc., Inc. v. Bristol-Myers Squibb Co.*, No. 04-CV-248 (D.D.C.) ($50 million settlement);
>
> *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) (approximately $75 million settlement).

### 2. Kaplan Fox

For more than 30 years, the antitrust attorneys at Kaplan Fox have represented businesses and individuals, on both a class and non-class basis, who have been injured as a result of price-fixing, customer allocation or other anti-competitive behavior, by sellers of a broad array of products and services. Kaplan Fox is frequently at the forefront of significant private antitrust actions, and has been appointed by courts as lead counsel or member of an executive committee for plaintiffs in some of the largest antitrust cases throughout the United States. Additionally, KaplanFox has a leadership role in numerous pharmaceutical antitrust actions similar to the case pending before this Court. Over the years, KaplanFox has recovered over $2 billion for its clients in high-profile cases. Linda P. Nussbaum, the partner at Kaplan Fox primarily responsible for litigating this matter, has served as lead counsel in the following pharmaceutical antitrust direct purchaser class actions:

> *In re DDAVP Direct Purchaser Antitrust Litigation*, No. 05-CV-2237 (S.D.N.Y.);
>
> *In re Lorazepam & Clorazepate Antitrust Litigation*, No. 99-CV-00276(TFH) (D.D.C.) ($35 million settlement);

*In re Children's Ibuprofen Oral Suspension Antitrust Litigation*, No. 04-MC-0535-ESH (D.D.C.) ($9.7 million settlement);

*In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass) ($175 million settlement);

*In re Remeron Antitrust Litigation*, No. 02-cv-02007-FSH-PS (D.N.J.) ($75 million settlement);

*North Shore Hematology-Oncology Assoc., P.C. v. Bristol-Meyers Squibb Co.*, No. 04-CV-00248-EGS (D.D.C.) ($50 million settlement);

*Oncology & Radiation Associates, P.A. v. Bristol Myers Squibb Co., et al.*, No. 01-CV-02313-EGS (D.D.C.) ($65 million settlement)

*In re Plavix Direct Purchaser Antitrust Litigation*, No. 06-cv-202 (S.D. Ohio).

### 3.    Garwin, Gerstein & Fisher, LLP

GGF and its predecessor firm have successfully championed the rights of investors, consumers, and small business for over fifty years. GGF is well known around the United States for skill in litigating complex class action cases, and has specific expertise in pharmaceutical antitrust actions like the instant case. As a result of its expertise, the settlements for GGF's antitrust class members have frequently ranged from 75% to 105%+ of single damages. GGF has been co-lead counsel in the following pharmaceutical antitrust class actions that have settled:

*In re Buspirone Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) (settled in 2003 for $220 million for a class of direct purchasers);

*In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass.) (settled in 2004 for $175 million for a class of wholesalers that were Relafen direct purchasers);

*In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278, MDL No. 1278 (E.D. Mich.) (settled in 2002 for $110 million for a class of wholesalers that were direct purchasers);

*In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) (settled in 2005 for nearly $75 million for a class of direct purchasers);

*In re Remeron Antitrust Litigation*, No. 02-cv-02007-FSH-PS (D.N.J.) (settled in 2005 for $75 million for a class of direct purchasers).

Currently, GGF is lead counsel, co-lead counsel or chairman of the Executive Committee in a number of complex class actions. Those cases include:

*In re K-Dur Antitrust Litigation*, Civ. A. No. 01-1652 (D.N.J.);

*In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL No. 1383 (E.D.N.Y.);

*In re Tricor Direct Purchaser Antitrust Litigation*, Civ. A. No. 05-340 (D. Del.);

*In re OxyContin Antitrust Litigation*, MDL No. 1603 (S.D.N.Y.);

*In re Neurontin Antitrust Litigation*, MDL No. 1479 (D.N.J.);

*In re Nifedipine Antitrust Litigation*, MDL No. 1515 (D.D.C.);

*Louisiana Wholesale Drug Co., Inc., v. Sanofi-Aventis, Sanofi-Aventis U.S. LLC, and Aventis Pharmaceuticals, Inc.*, Civ. A. No. 03-cv-7343 (S.D.N.Y.);

*In re Modafinil Antitrust Litigation*, Civ. A. No. 06-1797 (E.D. Pa.).

In addition to the cases above, the firm is currently in charge of actively litigating various other antitrust cases in the pharmaceutical, medical device, agricultural and various other industries.

Each proposed Co-Lead Counsel has worked to identify and investigate the potential claims; is experienced in handling class action, complex, and antitrust litigation; and possesses in-depth knowledge of the applicable law; and have adequate resources to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(C). Moreover, insofar as they have

already been coordinating case prosecution for the last six months, Proposed Co-Lead Counsel in this case have already demonstrated their ability to work together in a manner that best serves the Court and the class.

Thus, there can be no doubt that B&M, Kaplan Fox, and GGF are able to represent the Class fairly and adequately. *See* Fed. R. Civ. P. 23(g)(1)(B). Accordingly, appointment of Co-Lead Counsel and the assignment of responsibilities to Co-Lead Counsel as set forth in Pretrial Order No. 1 are consistent with Federal Rule of Civil Procedure 23, as well as with the *Manual*'s recommendations regarding establishment of an organizational structure for counsel and ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221.

Proposed Pretrial Order No. 1 also designates Odom & Des Roches, LLP and the Smith Foote Law Firm, LLP, to serve with the Proposed Co-Leads on an Executive Committee for the direct purchaser class actions. *See Manual* § 10.221. The creation of an Executive Committee including these firms will increase the efficiency of the litigation and is consistent with the *Manual*'s ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221. Finally, the proposed order also requests the appointment of additional class counsel under Rule 23(g).

Counsel for Plaintiffs have met and conferred with counsel for Defendant, which does not oppose the entry of proposed Pretrial Order No. 1.

Thus, for the reasons set forth herein, and in order to provide for the orderly and efficient conduct of this case and any related actions, including those subsequently filed, Plaintiffs respectfully request that the Court enter the proposed Pretrial Order No. 1. Plaintiffs also respectfully request that the Court adopt the same organization of class counsel should it grant Plaintiffs' motion for class certification.

Dated: June 6, 2008                    Respectfully submitted,

/s/ Eric Cramer
Eric L. Cramer, *Pro Hac Vice*
Email: ecramer@bm.net
Daniel C. Simons
Email: dsimons@bm.net
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

*Counsel for Plaintiff Rochester Drug Cooperative, Inc.*

Linda P. Nussbaum, *Pro Hac Vice*
Email: lnussbaum@kaplanfox.com
John D. Radice, *Pro Hac Vice*
Email: jradice@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.*

Bruce E. Gerstein, *Pro Hac Vice*
Email: bgerstein@garwingerstein.com
Noah H. Silverman, *Pro Hac Vice*
Email: nsilverman@garwingerstein.com
**GARWIN GERSTEIN & FISHER, LLP**
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
Facsimile: (212) 764-6620

*Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

```
 1    John Gregory Odom, Pro Hac Vice
      Email: greg@odrlaw.com
 2    Stuart E. Des Roches, Pro Hac Vice
      Email: stuart@odrlaw.com
 3    John Alden Meade, Pro Hac Vice
      Email: jmeade@odrlaw.com
 4    ODOM & DES ROCHES, LLP
      Suite 2020, Poydras Center
 5    650 Poydras Street
      New Orleans, LA  70130
 6    Telephone: (504) 522-0077
      Facsimile: (504) 522-0078
 7
      David P. Smith, Pro Hac Vice
 8    Email: dpsmith@psfllp.com
      W. Ross Foote, Pro Hac Vice
 9    Email: rfoote@psfllp.com
      PERCY SMITH & FOOTE, LLP
10    720 Murray Street
      P.O. Box 1632
11    Alexandria, LA  71309
      Telephone: (318) 445-4480
12    Facsimile: (318) 487-1741

13    Joshua P. Davis (State Bar No. 193254)
      Email: davisj@usfca.edu
14    LAW OFFICES OF JOSHUA P. DAVIS
      437A Valley Street
15    San Francisco, CA 94131
      Telephone: (415) 422-6223
16
      Joseph R. Saveri (SBN 130064)
17    Email: jsaveri@lchb.com
      Eric B. Fastiff (SBN 182260)
18    Email: efastiff@lchb.com
      Brendan Glackin (SBN 199643)
19    Email: bglackin@lchb.com
      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
20    Embarcadero Center West
      275 Battery Street, 30th Floor
21    San Francisco, CA  94111-3339
      Telephone:  (415) 956-1000
22    Facsimile:  (415) 956-1008

23    Joseph M. Vanek, Pro Hac Vice
      Email: jvanek@vaneklaw.com
24    David P. Germaine, Pro Hac Vice
      Email: dgermaine@vaneklaw.com
25    VANEK, VICKERS & MASINI, P.C.
      111 South Wacker Drive, Suite 4050
26    Chicago, IL  60606
      Telephone: (312) 224-1500
27    Facsimile: (312) 224-1510

28
```

Andrew E. Aubertine, *Pro Hac Vice*
Email: aa@adr-portland.com
**AUBERTINE DRAPER ROSE, LLP**
1211 S.W. Sixth Avenue
Portland, OR 97204
Telephone: (503) 221 4570
Facsimile: (503) 221 4590

Charles M. Kagay (SBN 073377)
Email: cmk@slksf.com
**SPIEGEL, LIAO & KAGAY**
388 Market Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 956 5959
Facsimile: (415) 362 1431

Tucker Ronzetti, *Pro Hac Vice*
Email: tr@kttlaw.com
Adam Moskowitz, *Pro Hac Vice*
Email: amm@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON**
2800 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131 2335
Telephone: (305) 372 1800
Facsimile: (305) 372 3508

Paul E. Slater, *Pro Hac Vice*
Email: pes@sperling-law.com
**SPERLING & SLATER**
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: (312) 641 3200
Facsimile: (312) 641 6492

*Additional Plaintiffs Counsel*

**Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Eric Cramer.**