```
Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400
Email: nnorris@winston.com

James F. Hurst (Admitted Pro Hac Vice)
David J. Doyle (Admitted Pro Hac Vice)
Samuel S. Park (Admitted Pro Hac Vice)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:    312-558-5600
Facsimile:    312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com;
spark@winston.com

Charles B. Klein (Admitted Pro Hac Vice)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20007
Telephone:    202-282-5000
Facsimile:    202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　Defendant.<br><br>[caption continues next page] | **Case No. CV 07-5985 CW**<br><br>*Related Per October 31, 2007 Order to Case No. CV 04-1511 CW*<br><br>**DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION**<br><br>Date:　　August 7, 2008<br>Time:　　2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:　　Hon. Claudia Wilken |

DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR
ENLARGEMENT OF TIME
CASE NOS. 07-5985, 07-6010, 07-6018

|  |  |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | **Case No. CV 07-6010 CW**<br><br>*Related Per October 31, 2007 Order to Case No. CV 04-1511 CW*<br><br>**DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION**<br><br>Date:      August 7, 2008<br>Time:      2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:     Hon. Claudia Wilken |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | **Case No. CV 07-6118 CW**<br><br>*Related Per October 31, 2007 Order to Case No. CV 04-1511 CW*<br><br>**DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE MOTION FOR CLASS CERTIFICATION**<br><br>Date:      August 7, 2008<br>Time:      2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:     Hon. Claudia Wilken |

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

I, Charles B. Klein, declare:

1. I am an attorney at law, admitted *pro hac vice* to practice in this Court for this matter. I am a partner with the law firm of Winston & Strawn LLP, counsel of record for Abbott Laboratories, and I am authorized to make this Declaration in that capacity.

2. I submit this declaration in support of Abbott's Motion for Enlargement of Time to Oppose Motion for Class Certification. The statements contained herein are based on my own personal knowledge unless otherwise stated.

3. This Court has not yet ruled on Abbott's Motion to Compel Production of Documents and Interrogatory Responses. That motion seeks "downstream discovery" from Plaintiffs related to class certification.

4. Abbott served the discovery requests that are the subject of Abbott's Motion to Compel on March 7, 2008, more than three months before Abbott's opposition to the Motion for Class Certification is due. On April 7, 2008, Plaintiffs objected to requests for "downstream discovery." In an attempt to resolve the dispute, the parties engaged in a series of meet-and-confers through late April, but they were unable to reach a resolution. Abbott filed its Motion to Compel on May 12, 2008, according to an expedited briefing schedule that Abbott requested and to which Plaintiffs agreed. That motion is fully briefed.

5. Abbott could be substantially harmed absent the requested enlargement of time. Without that extension, Abbott could have to oppose the Motion for Class Certification without the materials requested in the Motion to Compel, and without guidance from the Court as to the potential relevance of those materials. If the Court's ruling were to come after June 16, Abbott would likely move to supplement its opposition to address that ruling, thus causing haphazard briefing and inefficient consideration of the relevant class certification issues.

6. Abbott and Plaintiffs previously negotiated a stipulation to enlarge time if the Court grants the pending Motion to Compel. The parties agreed: "If the court were to grant Abbott's motion to compel, Plaintiffs would consent to a stipulated motion seeking an extension of the class certification briefing schedule by up to the number of days between May 23, 2008 and the

1

DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME
CASE NOS. 07-5985, 07-6010, 07-6018

date of the court's order granting Abbott's motion to compel. Plaintiffs will seek the consent to this motion by the other plaintiffs (*i.e.*, direct purchaser 'opt-out' plaintiffs and GSK)." In return, Abbott agreed to suspend enforcement of subpoenas to the extent they seek "downstream discovery" from third-parties pending resolution of the Motion to Compel. Attached hereto as Exhibit A is a true and correct copy of an email between counsel memorializing this agreement.

7. On June 9, 2008, counsel for Abbott contacted John Radice, who represents the Meijer plaintiffs, in an effort to reach an agreement as to enlargement of time requested in this motion. According to Mr. Radice, who purported to speak on behalf of all Plaintiffs in the above-captioned cases, Plaintiffs would not agree to any extension of time for Abbott to oppose the Motion for Class Certification other than the stipulation previously negotiated (see paragraph 6 above).

8. In late March 2008, only days before their class certification motion was due, Plaintiffs requested and received a more than one-month enlargement of time to file their Motion for Class Certification – a request to which Abbott consented. By order dated April 4, 2008, the current class certification briefing schedule is as follows:

| | |
|---|---|
| May 5, 2008 | Plaintiffs' Opening Class Certification brief due |
| June 16, 2008 | Defendant's Opposition due |
| July 14, 2008 | Plaintiffs' Reply due |
| August 7, 2008 | Oral Argument |

9. As discussed above in paragraph 6, the parties agree that an enlargement of time of some nature is warranted if this Court grants Abbott's Motion to Compel. To be sure, the parties will need to assess a reasonable amount of time to gather, produce and review the requested material before briefing can conclude. Even if the Court denies the Motion to Compel, however, Abbott needs at least one week to review and analyze that decision so that it can be addressed in its opposition to class certification.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

(*signature page to follow*)

2

DECLARATION OF CHARLES B. KLEIN IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR ENLARGEMENT OF TIME
CASE NOS. 07-5985, 07-6010, 07-6018

| | |
|---|---|
| Dated: June 10, 2008 | /s/ Charles B. Klein |
| | Charles B. Klein |
| | Attorney for Defendant Abbott Laboratories |