# EXHIBIT A

## Klein, Chuck

| | |
|---|---|
| **From:** | John D. Radice [jradice@kaplanfox.com] |
| **Sent:** | Tuesday, May 27, 2008 6:33 PM |
| **To:** | Klein, Chuck |
| **Cc:** | 'ecramer@bm.net'; 'aa@adr-portland.com'; 'dsimons@bm.net'; 'bgerstein@garwingerstein.com'; Linda P. Nussbaum; 'rfoote@smithfoote.com'; 'akelly@odrlaw.com'; 'dpsmith@smithfoote.com'; Campbell, Matt; Bhargava, Mike |
| **Subject:** | Re: Norvir Third Party Subpoenas |

Thanks; I'll do that.

John D. Radice
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
Tel: (212) 687-1980
Mobile: (646) 245-8502
Fax: (212) 687-7714
e-mail: jradice@kaplanfox.com

---

**From**: Klein, Chuck
**To**: John D. Radice
**Cc**: ecramer@bm.net ; aa@adr-portland.com ; dsimons@bm.net ; bgerstein@garwingerstein.com ; Linda P. Nussbaum; rfoote@smithfoote.com ; akelly@odrlaw.com ; dpsmith@smithfoote.com ; Campbell, Matt ; Bhargava, Mike
**Sent**: Tue May 27 18:29:44 2008
**Subject**: RE: Norvir Third Party Subpoenas

John,

This is fine. Please circulate to counsel for the opt-outs and GSK for their approval.

Thanks,
Chuck

> **From:** John D. Radice [mailto:jradice@kaplanfox.com]
> **Sent:** Tuesday, May 27, 2008 5:45 PM
> **To:** Klein, Chuck
> **Cc:** ecramer@bm.net; aa@adr-portland.com; dsimons@bm.net; bgerstein@garwingerstein.com; Linda P. Nussbaum; rfoote@smithfoote.com; akelly@odrlaw.com; dpsmith@smithfoote.com; Campbell, Matt; Bhargava, Mike; John D. Radice
> **Subject:** RE: Norvir Third Party Subpoenas
>
> Chuck—I believe that this memorializes our discussions. Please let me know whether we are in agreement on the below terms.
>
> Plaintiffs and Abbott agree that:

(1) Abbott will notify the third parties, copying Plaintiffs' counsel, that Abbott will suspend its requests for discovery in topics 1-2 and 4-5 of the subpoenas pending the outcome of Abbott's motion to compel downstream discovery from the named Plaintiffs, reserving to all parties (including subpoenaed absent class members) all of their other rights and objections.  It is Abbott's belief that Topic 3 does not request downstream discovery, and consequently this agreement does not affect topic 3.  All parties (including subpoenaed absent class members) retain all rights and obligations with respect to subpoena topic 3.

The letter to third parties will say:  "Pursuant to our agreement with the plaintiffs in the above-captioned action, Abbott will suspend its requests for discovery in topics 1-2 and 4-5 of the subpoena served on you on May _, 2008, pending the outcome of a motion to compel filed by Abbott for information from the plaintiffs similar to the information requested in these topics.  You will be deemed to have reserved all rights and objections during this period.  We expect a ruling by the Court on that motion in early June and will inform you immediately once it is entered.  This suspension does not affect the discovery requested in topic 3."

(2) If the court were to grant Abbott's motion to compel, Plaintiffs would consent to a stipulated motion seeking an extension of the class certification briefing schedule by up to the number of days between May 23, 2008 and the date of the court's order granting Abbott's motion to compel.  Plaintiffs will seek the consent to this motion by the other plaintiffs (*i.e.*, direct purchaser "opt-out" plaintiffs and GSK).

(3) Absent the court granting Abbott's motion to compel, Plaintiffs do not consent to any extension of the class certification briefing schedule.  But Abbott reserves its right to unilaterally seek an extension of time to oppose class certification.


Thanks,


John D. Radice
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
Tel: (212) 687-1980
Mobile: (646) 245-8502
Fax: (212) 687-7714
e-mail: jradice@kaplanfox.com

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT.

The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsiblefor the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Kaplan Fox & Kilsheimer LLP immediately at (212) 687-1980 or by return e-mail. Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Klein, Chuck [mailto:CKlein@winston.com]
**Sent:** Tuesday, May 27, 2008 3:24 PM
**To:** John D. Radice

Cc: ecramer@bm.net; aa@adr-portland.com; dsimons@bm.net; bgerstein@garwingerstein.com; Linda P. Nussbaum; rfoote@smithfoote.com; akelly@odrlaw.com; dpsmith@smithfoote.com; Campbell, Matt; Bhargava, Mike
Subject: RE: Norvir Third Party Subpoenas

John,

In response to your email below, we propose that Plaintiffs and Abbott agree that:

(1) Abbott will notify the third parties, copying Plaintiffs' counsel, that Abbott will suspend its requests for discovery in topics 1-3 and 5 of the subpoenas pending the outcome of Abbott's motion to compel downstream discovery from the named Plaintiffs, reserving to third parties all of their rights and objections.  Topic 4 does not request downstream discovery and, therefore, will not be suspended per this agreement.

The letter to third parties will say:  "Pursuant to our agreement with the plaintiffs in the above-captioned action, Abbott will suspend its requests for discovery in topics 1-3 and 5 of the subpoena served on you on May _, 2008, pending the outcome of a motion to compel filed by Abbott for information from the plaintiffs similar to the information requested in these topics.  You will be deemed to have reserved all rights and objections during this period.  We expect a ruling by the Court on that motion in early June and will inform you immediately once it is entered.  This suspension does not affect the discovery requested in topic 4.  Feel free to contact us if you have any questions."

(2) If the court were to grant Abbott's motion to compel, Plaintiffs would consent to a stipulated motion seeking 30 days from the date of the court's order granting the motion to compel for Abbott to file its opposition to class certification.  Plaintiffs will secure the consent to this motion by the other direct purchaser "opt-out" plaintiffs.

(3) Absent the court granting Abbott's motion to compel, Plaintiffs do not consent to any extension of the class certification briefing schedule.  But Abbott reserves its right to unilaterally seek an extension of time to oppose class certification.

Thanks,
Chuck

---

From: John D. Radice [mailto:jradice@kaplanfox.com]
Sent: Friday, May 23, 2008 4:33 PM
To: Klein, Chuck
Cc: 'ecramer@bm.net'; 'aa@adr-portland.com'; 'dsimons@bm.net'; 'bgerstein@garwingerstein.com'; Linda P. Nussbaum; 'rfoote@smithfoote.com'; 'akelly@odrlaw.com'; 'dpsmith@smithfoote.com'; Campbell, Matt; Bhargava, Mike
Subject: Re: Norvir Third Party Subpoenas

Yes, that would be fine.

Thanks,

John D. Radice
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
Tel: (212) 687-1980
Mobile: (646) 245-8502
Fax: (212) 687-7714
e-mail: jradice@kaplanfox.com

**From**: Klein, Chuck
**To**: John D. Radice
**Cc**: Eric Cramer ; Andy Aubertine ; Dan Simons ; Bruce Gerstein ; Linda P. Nussbaum; W. Ross Foote ; Andrew Kelly ; David Smith ; Campbell, Matt ; Bhargava, Mike
**Sent**: Fri May 23 15:52:58 2008
**Subject**: RE: Norvir Third Party Subpoenas

John,

As discussed, we will consider this proposal and get back to you early next week.

To clarify, when you say "Plaintiffs would not oppose Abbott filing a motion seeking up to 30 days from the date of the court's order granting the motion to compel for Abbott to file its opposition to class certification," I assume you mean that Plaintiffs would consent to stipulated motion along the lines of what Plaintiffs filed a couple of months ago (see attached). Let me know if you had something else in mind.

Thanks,
Chuck

---

**From:** John D. Radice [mailto:jradice@kaplanfox.com]
**Sent:** Friday, May 23, 2008 3:46 PM
**To:** Klein, Chuck
**Cc:** 'Eric Cramer'; 'Andy Aubertine'; Dan Simons; Bruce Gerstein; Linda P. Nussbaum; 'W. Ross Foote'; John D. Radice; Andrew Kelly; David Smith
**Subject:** Norvir Third Party Subpoenas

Chuck,

I write to propose an agreement concerning Abbott's subpoenas to third parties seeking, among other things, downstream discovery. Abbott has moved to compel production of downstream discovery from the named Plaintiffs, and Plaintiffs are opposing that motion because, *inter alia*, such discovery is irrelevant as a matter of law. Plaintiffs are seeking an agreement to protect the interests of absent class members, and if we reach an agreement Plaintiffs will not at this point file a motion seeking to quash or stay discovery of third parties.

Plaintiffs and Abbott agree that:

(1) Abbott will notify the third parties, copying Plaintiffs' counsel, that Abbott's requests for discovery, including, downstream discovery, are suspended pending the outcome of Abbott's motion to compel downstream discovery from the named Plaintiffs, reserving to third parties all of their rights and objections. This agreement is contingent on Plaintiffs' review and approval of Abbott's letter to the third parties; such approval will not be unreasonably withheld.

(2) If the court were to grant Abbott's motion to compel, Plaintiffs would not oppose Abbott filing a motion seeking up to 30 days from the date of the court's order granting the motion to compel for Abbott to file its opposition to class certification.

(3) Absent the court granting Abbott's motion to compel, Plaintiffs do not consent to any extension of the class certification briefing schedule.

Please advise whether Abbott agrees with the above, and if so, please circulate for our review the text of the letter to the third parties.

Thanks,

John D. Radice
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
14th Floor
New York, NY 10022
Tel: (212) 687-1980
Mobile: (646) 245-8502
Fax: (212) 687-7714
e-mail: jradice@kaplanfox.com

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT.
The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Kaplan Fox & Kilsheimer LLP immediately at (212) 687-1980 or by return e-mail. Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

```
      The contents of this message may be privileged and confidential.
      Therefore, if this message has been received in error, please delete
      it without reading it. Your receipt of this message is not intended
      to waive any applicable privilege. Please do not disseminate this message
      without the permission of the author.
      ****************************************************************************
      Any tax advice contained in this email was not intended to be used,
      and cannot be used, by you (or any other taxpayer)
      to avoid penalties under the Internal Revenue Code of 1986, as amended.


   The contents of this message may be privileged and confidential.
   Therefore, if this message has been received in error, please delete
   it without reading it. Your receipt of this message is not intended
   to waive any applicable privilege. Please do not disseminate this message
   without the permission of the author.
   ****************************************************************************
   Any tax advice contained in this email was not intended to be used,
   and cannot be used, by you (or any other taxpayer)
   to avoid penalties under the Internal Revenue Code of 1986, as amended.


The contents of this message may be privileged and confidential.
Therefore, if this message has been received in error, please delete
it without reading it. Your receipt of this message is not intended
to waive any applicable privilege. Please do not disseminate this message
without the permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used,
and cannot be used, by you (or any other taxpayer)
```

to avoid penalties under the Internal Revenue Code of 1986, as amended.

6/10/2008